**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___10/5/2015

---------------------------------------------------------x

PHOENIX LIGHT SF LIMITED, in its own right and
the right of BLUE HERON FUNDING V LTD., BLUE
HERON FUNDING VI LTD., BLUE HERON
FUNDING VII LTD., BLUE HERON FUNDING IX
LTD., KLEROS PREFERRED FUNDING V PLC,
SILVER ELMS CDO PLC, SILVER ELMS CDO II
LIMITED, C-BASS CBO XVII LTD. and C-BASS
CBO XIV LTD., and each of BLUE HERON
FUNDING V LTD., BLUE HERON FUNDING VI
LTD., BLUE HERON FUNDING VII LTD., BLUE
HERON FUNDING IX LTD., KLEROS PREFERRED
FUNDING V PLC, SILVER ELMS CDO PLC and
SILVER ELMS CDO II LIMITED, in their own right,

                                      Plaintiffs,

    -against-

THE BANK OF NEW YORK MELLON, as Trustee,

                                       Defendant.

---------------------------------------------------------x

**Index No. 14-cv-10104 (VEC)**

**JOINT STIPULATION AND
CONFIDENTIALITY AND PROTECTIVE ORDER**

Plaintiffs Phoenix Light SF Limited, et al. and Defendant The Bank of New York Mellon

("BNYM" or "Defendant", together with the Plaintiffs, the "Parties"), for the entry of a

protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, limiting the

review, copying, dissemination, and filing of confidential and/or proprietary documents and

information to be produced by either Party or their respective counsel, or by any non-party, in the

1

course of discovery in this matter to the extent set forth below (the "Stipulation").  Having found

that the Parties, by, between, and among their respective counsel, have stipulated and agreed to

the terms set forth herein, and good causing having been shown,

IT IS ORDERED that:

1.     This Stipulation is being entered into to facilitate the production, exchange, and discovery

of documents and information that the Parties agree merit confidential treatment.  This

Stipulation shall govern the handling of documents, depositions, deposition exhibits,

interrogatory responses, admissions, electronically stored information ("ESI") and any

other information or material produced, given or exchanged by and among the Parties and

any non-parties to the above-captioned, related actions (the "Litigation") in connection

with discovery in the Litigation (such information or material hereinafter referred to as

"Discovery Material").

2.     Either Party may designate Discovery Material in connection with this Litigation as

"Confidential" or "Highly Confidential" either by notation on the document, statement on

the record of the deposition, written notice to counsel for the Parties hereto, or by other

appropriate means.  In the case of documents produced in native, electronic form, the

confidentiality can be designated on the placeholder sheet produced along with that

document, or in a confidentiality metadata field.

3.     As used herein:

(a)     "Confidential Information" shall mean all Discovery Material, and all information

contained therein, and other information designated as "Confidential," that the

Producing Party (as defined below) reasonably and in good faith believes

constitutes and/or contains (i) current trade secret or other non-public research,

2

development, or commercial information that requires the protections provided in this Stipulation or (ii) Non-Party Borrower Information (defined below).

(b)   "Highly Confidential Information" shall mean all Discovery Material, and all information contained therein, and other information designated as "Highly Confidential," that the Producing Party reasonably and in good faith believes constitutes and/or contains current trade secrets, proprietary business information, or other information the disclosure of which would result in competitive, commercial or financial harm to the Producing Party or its personnel, clients or customers if disclosed.  By designating a document as "Highly Confidential," the Producing Party affirms that its counsel of record in the Litigation has reviewed the subject document and made a good faith determination that it qualifies for protection as "Highly Confidential Information."

(c)   "Non-Party Borrower Information" shall mean any information that constitutes "nonpublic personal information" within the meaning of the Gramm-Leach Bliley Act, 15 U.S.C. § 6802, *et seq.* and its implementing regulations, including but not limited to, any portion of a mortgage loan file, spreadsheet or other document or data set that includes financial or credit information for any person (including any credit history, report or score obtained on any such person to determine the individual's eligibility for credit) together with personally identifiable information with respect to such person, including, but not limited to, name, address, Social Security number, loan number, telephone number, or place or position of work. As set forth in Paragraph 30 below, this Order authorizes the disclosure of such Non-Party Borrower Information in this Litigation.

3

(d)    "Protected Information" shall mean Confidential Information and Highly Confidential Information, collectively.

(e)    "Producing Party" shall mean the Party to this Litigation and/or any non-party producing Protected Information in connection with discovery in this Litigation, or the Party asserting the confidentiality designation, as the case may be.

(f)    "Receiving Party" shall mean the Party to this Litigation and/or any non-party receiving Protected Information in connection with discovery in this Litigation.

4.    ESI designated as "Confidential" or "Highly Confidential" shall be so designated by including a "Confidential" or "Highly Confidential" notice in the body of the electronic document or by affixing a stamp with such notice to the medium (including, but not limited to, tapes, CDs, DVDs and flash drives) on which the ESI is stored before copies are delivered to a Receiving Party.  Printouts of any such ESI designated as Confidential Discovery Material or Highly Confidential Discovery Material shall be treated in accordance with the terms of this Stipulation and Order.  Notwithstanding the foregoing, Excel documents or any other type of electronically stored information produced in native format (together, "Natively Produced ESI") need not be produced using a means sufficient to ensure that every page of such document, when printed, contains the appropriate mark or stamp.  Instead, the Disclosing Party shall use reasonable means to designate "Confidential" or "Highly Confidential" as appropriate, by (a) producing a TIFF placeholder image corresponding to the Natively Produced ESI that includes a "Confidential" or "Highly Confidential" mark; and (b) including "Confidential" or "Highly Confidential," as appropriate, on the label of the media or in the transmittal e-mail containing the Natively Produced ESI.

4

5.    The designation of any Discovery Material as "Confidential" or "Highly Confidential" is not intended to, and shall not be construed as, an admission that the Discovery Material is relevant, not subject to an applicable privilege or protection, admissible or reasonably calculated to lead to the discovery of admissible evidence.  The Receiving Party may, at any time, notify the Producing Party that the Receiving Party does not concur in the designation of Discovery Material as "Confidential" or "Highly Confidential Information."  The Parties shall meet and confer in good faith regarding any such disagreement over the classification of Discovery Material and if the Producing Party does not agree to change the designation of such Discovery Material, the Receiving Party may move the Court for an order removing the designation of such Discovery Material as Protected Information.  Upon such a motion, the Producing Party shall bear the burden to prove that the Discovery Material in question is Protected Information.  If such a motion is filed, the Discovery Material shall be deemed Protected Information, with the same confidentiality designation as asserted by the Producing Party, unless and until the Court rules otherwise.

6.    In order to expedite the production of voluminous materials, a Producing Party may, but is not required to, produce materials without a detailed review for confidentiality designation and may designate collections of documents that, by their nature, contain Confidential Information as "Confidential," notwithstanding that some of the documents within the collection may not qualify for such designation.  A Party's "bulk" designation of documents shall not constitute waiver of any Party's rights set forth in Paragraph 16 of this Stipulation.  Notwithstanding the foregoing, a Receiving Party may at any time challenge the designation of one or more particular documents on the grounds that the

document(s) do not qualify for protection, including as provided in Paragraphs 4 and 26 of this Stipulation.

7. Except with the prior written consent of the Producing Party or by Order of the Court, Confidential Information shall not be furnished, shown or disclosed to any person or entity except to:

(a) counsel for the Parties to this Litigation and their associated attorneys, paralegals and other professional personnel (including support staff) who are directly assisting such counsel in the preparation of this Litigation for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised of their obligations hereunder;

(b) expert witnesses and members of the expert witnesses' staff working under the expert witnesses' supervision, provided, however, that such Confidential Information is furnished, shown or disclosed to them in accordance with Paragraph 9 hereof;

(c) third-party vendors or consultants retained by the Parties or their counsel to furnish technical services in connection with this Litigation and who have been advised of their obligations hereunder;

(d) the Court and court personnel, if filed in accordance with Paragraph 15 hereof;

(e) an officer before whom a deposition is taken, including stenographic reporters, videographers and any necessary secretarial, clerical or other personnel of such officer, if furnished, shown or disclosed in accordance with Paragraph 13 hereof;

(f) trial and deposition witnesses, if furnished, shown or disclosed in accordance with Paragraphs 12 and 13, respectively, hereof;

(g)     personnel of the Parties actually engaged in assisting in the preparation of this Litigation for trial or other proceeding herein and who have been advised of their obligations hereunder;

(h)     former personnel of the Parties actually engaged in assisting in the preparation of this Litigation for trial or other proceeding herein provided, however, that such Confidential Information is furnished, shown or disclosed to them in accordance with Paragraph 8 hereof; and

(i)     any other person agreed to by the Parties.

8.     No disclosure of Highly Confidential Information may be made to any person or entity other than:

(a)     counsel for the Parties to this Litigation and their associated attorneys, paralegals and other professional personnel (including support staff) who are directly assisting such counsel in the preparation of this Litigation for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised of their obligations hereunder.  Disclosure to in-house counsel shall be limited to those in-house counsel providing legal advice in connection with this Litigation, and Highly Confidential Information may not be disclosed to any other officers, directors, employees or agents of a Party, including other in-house counsel.  For the avoidance of doubt, Highly Confidential Information disclosed to in-house counsel may not be used for any business or other purpose unrelated to the prosecution or defense of this Litigation;

(b)     expert witnesses and members of the expert witnesses' staff working under the expert witnesses' supervision, provided, however, that such Highly Confidential

Information is furnished, shown or disclosed in accordance with Paragraph 9 hereof;

(c)     third-party vendors or consultants retained by the Parties or their counsel to furnish technical services in connection with this Litigation and who have been advised of their obligations hereunder;

(d)     the Court and Court personnel, if filed in accordance with Paragraph 15, hereof;

(e)     an officer before whom a deposition is taken, including stenographic reporters, videographers and any necessary secretarial, clerical or other personnel of such officer, if furnished, shown or disclosed in accordance with Paragraph 13 hereof;

(f)     trial and deposition witnesses, if furnished, shown or disclosed in accordance with Paragraphs 12 and 13, respectively, hereof; and

(g)     any other person agreed to by the Parties.

9.     Before any disclosure of Protected Information is made pursuant to Paragraphs 7(b) or 7(h), or 8(b) hereof, counsel for the Receiving Party shall obtain from the intended recipient of the Protected Information such person's written undertaking, in the form of Exhibit A attached hereto, to comply with and be bound by its terms.

10.     Protected Information shall be utilized by the Receiving Party only for purposes of this Litigation, and for no other purposes.

11.     All depositions shall presumptively be treated as Confidential Information subject to this Stipulation during the deposition and until thirty (30) days after the final transcript of said deposition is received by counsel for each of the Parties. At or before the end of such thirty (30) day period, the deposition, or pages thereof, may be designated for future purposes as Confidential Information by any Party or, where applicable, by the non-party

providing the deposition testimony.  Notwithstanding the foregoing, all depositions at which one or more documents designated as Highly Confidential are introduced as exhibits shall be presumptively treated as Highly Confidential Information and subject to this Stipulation during the deposition and until thirty (30) days after the final transcript of said deposition is received by counsel for each of the Parties.  At or before the end of such thirty (30) day period, the deposition, or pages thereof, may be designated for future purposes as Confidential or Highly Confidential Information by any Party or, where applicable, by the non-party providing the deposition testimony.

12.    Should the need arise for any of the Parties to disclose Protected Information during any hearing or trial before the Court, including through argument or the presentation of evidence, such Party may do so only after taking such steps as the Court shall deem necessary to preserve the confidentiality of such Protected Information.

13.    This Stipulation shall not preclude counsel for the Parties from using Protected Information during any deposition in this Litigation, provided that prior to any such use, the Party intending to use Protected Information shall: (a) provide a copy of this Stipulation to the witness, and others to whom disclosure is intended to be made; (b) explain the Stipulation to said persons and/or cause them to read the Stipulation; and (c) request that said persons execute the undertaking attached hereto as Exhibit A, if such persons are not covered by Paragraphs 7 and 8 of this Stipulation.  Should any said person refuse to execute the undertaking, counsel for the Parties may still use the Protected Information during the deposition and the Parties agree that the use of such Protected Information during the deposition shall not negate its treatment as Protected Information pursuant to this Stipulation.  Counsel for the Party obtaining an undertaking

from a witness, or others pursuant to this paragraph, shall supply a copy to counsel for all other Parties.

14.   A Party may designate as Confidential Information any Discovery Material produced or given by any non-party to this case, or any portion thereof.  In the case of documents, designation shall be made by notifying all counsel, in writing, of those documents that are to be stamped and treated as Confidential Information at any time up to thirty (30) days after actual receipt of copies of those documents by counsel for the Party asserting the confidentiality designation.  Prior to the expiration of such thirty (30) day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such documents shall be treated as Confidential Information.  In the case of testimony, designation shall be made by notifying all counsel, in writing, of those portions of a transcript which are to be stamped or otherwise treated as Confidential Information at any time up to thirty (30) days after the final transcript is received by counsel for the Party asserting the confidentiality designation.

15.   As to the filing of Discovery Material that has previously been designated as comprising or containing Protected Information:

(a)   Any Receiving Party who seeks to file with the Court any Discovery Material that has previously been designated by any Producing Party as comprising or containing Protected Information, and any pleading, brief or memorandum which reproduces, paraphrases or discloses Protected Information, shall either (a) obtain the Producing Party's permission to remove the confidentiality designation for the Protected Information, or (b) seek leave of the Court to file the Protected Information under seal.

10

    (b)    All pleadings, briefs or memoranda which reproduce, paraphrase or disclose any documents which have previously been designated by a Party as comprising or containing Protected Information, shall identify such documents by the production number ascribed to them at the time of production.

16.    Any person receiving Protected Information shall not reveal or discuss such information with any person not entitled to receive such information under the terms hereof.

17.    Any Discovery Material that may contain Protected Information that has been inadvertently produced without identification as to its protected nature as provided in Paragraphs 2 and/or 14 of this Stipulation, may be so designated by the Party asserting the confidentiality designation by written notice to the undersigned counsel for the Receiving Party identifying the Discovery Material as "Confidential" or "Highly Confidential" within a reasonable time following the discovery that the document or information has been produced without such designation.

18.    Extracts and summaries of Protected Information shall also be treated as Confidential or Highly Confidential in accordance with the provisions of this Stipulation.

19.    The production or disclosure of Protected Information shall in no way constitute a waiver of each Party's right to object to the production or disclosure of other information in this Litigation or in any other action.

20.    A Producing Party's inadvertent disclosure in connection with this Litigation of one or more documents that such Producing Party believes constitute, contain or reflect information otherwise protected by the attorney-client privilege, the common interest privilege, the work product doctrine or any other privilege or immunity from discovery ("Privileged Documents"), shall not constitute a waiver with respect to such Privileged

Documents or generally of such privilege or immunity. If a Receiving Party receives materials that appear to be subject to an attorney-client privilege, the common interest privilege, or otherwise protected by a discovery privilege or immunity, the Receiving Party must refrain from further use or examination of the materials that may be privileged, and shall immediately notify the Producing Party, in writing, that he or she possesses material that appears to be privileged. In the event a Producing Party discovers it has inadvertently disclosed Privileged Documents, the Producing Party may provide notice to the other Parties advising of the disclosure and requesting return or destruction of the Privileged Documents. Upon such notice, the Receiving Party shall make no further use or examination of the Privileged Documents and shall immediately segregate them in a manner that will prevent further disclosure or dissemination of their contents, and, within ten (10) days of receiving such notice of inadvertent production of Privileged Documents, the Receiving Party shall destroy or return all original documents identified by the Producing Party in such notice (whether electronic or hard copy), shall destroy or delete any and all copies (whether electronic or hard copy), and shall expunge from any other document, information or material derived from the inadvertently produced Privileged Documents. The party clawing back the inadvertently produced documents will provide the Receiving Party with a privilege log that reasonably identifies the basis for the assertion of privilege.

21.   If, based on (1) the privilege log entries provided to the Receiving Party by the Producing Party, or (2) the Receiving Party's review of documents that occurred prior to the assertion of privilege and claw-back, there is a dispute over whether the clawed back documents at issue are protected from disclosure by virtue of a privilege or immunity

from discovery, the original documents shall nevertheless be immediately destroyed or returned to the Producing Party along with all copies (whether electronic or hard copy) thereof. All counsel shall undertake reasonable efforts to resolve the issue of whether the documents are privileged without court intervention. To the extent counsel cannot resolve the issue, the Receiving Party may bring a motion to compel production of the Privileged Documents, but may not assert as a ground for compelling production the fact or circumstance that the Privileged Documents had already been produced. In conjunction with such a motion, the Receiving Party may request the Court review *in camera* the clawed back documents at issue, and, if the Court so orders, the Producing Party shall provide the Privileged Documents under seal to the Court for *in-camera* review. In the event of a motion to compel production of the Privileged Documents, the burden is on the Producing Party to provide, in its opposition to the motion to compel, information regarding the content and context of the Privileged Documents sufficient to establish the applicability of any asserted privilege or immunity from discovery.

22.   If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Information it has received from a Producing Party to any person or in any circumstance not authorized under this Order, the Receiving Party must promptly, after discovery of the disclosure, (a) notify the relevant Producing Party of the unauthorized disclosure(s) in writing, (b) make reasonable efforts to retrieve all copies of the Discovery Material containing Protected Information from the person or persons to whom unauthorized disclosures were made (the "Unauthorized Recipient(s)"), (c) inform the Unauthorized Recipient(s) of all the terms of this Stipulation, and (d) request the Unauthorized Recipient(s) to execute the undertaking attached hereto as Exhibit A.

23.     The Parties will exchange privilege logs in a timely fashion to ensure that there is reasonable time for the resolution of any privilege disputes, and the production of any documents in connection with such resolution, prior the close of fact discovery. Parties need not log withheld, privileged communications with or documents from outside counsel. Parties also need not log withheld, privileged communications or documents created on or after June 18, 2014.

24.     The Parties agree that they may not have an adequate remedy at law in the event that a court of competent jurisdiction determines that there is an actual or threatened breach of this Stipulation by either Party and agree that, under such circumstances, the Parties may be entitled to specific performance and/or injunctive relief to enforce the terms hereof, in addition to any remedy to which they may be entitled at law or in equity.

25.     The provisions of this Stipulation shall be binding upon the Parties. All modifications of, waivers of and amendments to this Stipulation must be in writing and signed by, or on behalf of, the Parties.

26.     This Stipulation is entered into without prejudice to the right of either Party to seek relief from, or modification of, this Stipulation or any provisions thereof by properly noticed motion to the Court or to challenge any designation of confidentiality as inappropriate under the Federal Rules of Civil Procedure or other applicable law.

27.     This Stipulation may be changed by further order of this Court, and without prejudice to the rights of a Party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

28.     This Stipulation has no effect upon, and shall not apply to, the Parties' use of their own Discovery Material for any purpose. Nothing herein shall impose any restrictions on the

use or disclosure by a Party of documents, materials or information designated as Protected Information that has been generated or obtained lawfully by such Party independently of the proceedings in this Litigation.

29. In the event that additional Parties join or are joined in this Litigation, they shall not have access to Protected Information until the newly joined Party, by its counsel, has executed and filed with the Court its agreement to be fully bound by this Stipulation.

30. The Parties agree to be bound by the terms of this Stipulation pending the entry by the Court of this Stipulation, and any violation of its terms shall be subject to the same penalties and sanctions, as if this Stipulation had been entered by the Court.

31. If any Receiving Party is subpoenaed in any other action or proceeding, is served with a document demand or is otherwise compelled by law to produce documents (collectively, a "Demand"), and such Demand seeks Discovery Material that was produced or designated as Protected Information, or that reflects or contains Protected Information, by someone other than the Receiving Party, the Receiving Party shall give prompt written notice by hand or electronic or facsimile transmission, within ten (10) business days of receipt of such Demand, to the Party or its counsel who produced or designated the material as Protected Information.  The Receiving Party shall not produce any of the Producing Party's Protected Information, unless court-ordered or otherwise required by law, for a period of at least ten (10) days after providing the required notice to the Producing Party.  If, within ten (10) days of receiving such notice, the Producing Party gives notice to the Receiving Party that the Producing Party opposes production of its Protected Information, the Receiving Party shall object, citing this Stipulation, and not thereafter produce such Protected Information, except as required by law.  The Producing

Party shall be solely responsible for pursuing any objection to the requested production. Nothing herein shall be construed as requiring the Receiving Party or anyone else covered by this Stipulation to challenge or appeal any order requiring production of Protected Information covered by this Stipulation, or to subject itself to any penalties for non-compliance with any legal process or order, or to seek any relief from this Court. In the event that Protected Information is produced to a non-party to this Stipulation in response to a Demand, such Discovery Material shall continue to be treated in accordance with the designation as Confidential or Highly Confidential Information by the Parties to this Stipulation.

32.   To the extent a Receiving Party is required to disclose Protected Information produced in the Litigation, without a subpoena or other form of legal process, by a regulatory or supervisory agency exercising its visitorial powers pursuant to 12 U.S.C. § 484 and/or 12 C.F.R. § 7.4000 ("Regulatory Demand") and compliance with the Regulatory Demand renders the Party unable to comply with Paragraph 30 hereof, the Party may comply with the Regulatory Demand and shall give prompt written notice by hand or electronic or facsimile transmission as soon as is practicable following receipt of the Regulatory Demand and no later than the time at which the Party produces the Receiving Party's Protected Information in response to the Regulatory Demand.

33.   To the extent any federal or state law or other legal authority governing the disclosure or use of Non-Party Borrower Information (hereinafter, "Non-Party Borrower Information Law") permits disclosure of such information pursuant to an order of a court, this Order shall constitute compliance with such requirement. To the extent any Non-Party Borrower Information Law requires a Producing Party to obtain a court-ordered subpoena

16

or to give notice or obtain consent, in any form or manner, from any person or entity before disclosure, receipt or use of any Non-Party Borrower Information, the Court finds that, in the view of the protections provided for the information disclosed in this Order, the volume of documents to be produced and the ongoing oversight of the Court, there is good cause to excuse such requirement, and the Court hereby Orders that the Producing Party is exempted from obtaining a court-ordered subpoena or having to notify and/or obtain consent from any person or entity prior to the disclosure of Non-Party Borrower Information in connection with this Litigation.   To the extent that any Non-Party Borrower Information Law requires that any person or entity be notified prior to disclosure, receipt or use of Non-Party Borrower Information except where such notice is prohibited by court order, the Court hereby Orders, in view of the protections provided for the information disclosed in this Order, the volume of documents to be produced and the ongoing oversight of the Court, that the Producing Parties are explicitly prohibited from providing such notice in this Litigation; provided, however, that this Order shall not prohibit any Producing Party from contacting any person or entity for any other purpose. Any Producing Party may seek additional orders from this Court that such party believes may be necessary to comply with any Non-Party Borrower Information Law.

34.   Nothing herein shall prevent any Receiving Party from disclosing Protected Information (a) to the extent necessary to report to appropriate taxing authorities, or to the accountants or independent public auditors of the Receiving Party in confidence, as and only to the extent required to perform auditing or tax accounting work; and (b) to the extent necessary for purposes of financial reporting, including SEC and regulatory filings, and other regulatory requests.

35.    For the avoidance of doubt, nothing herein shall preclude counsel from giving advice to his or her client in this Litigation that includes a general evaluation of Protected Information, provided that counsel shall not disclose the contents of any Protected Information in violation of the terms of this Stipulation.

36.    Any Party, in conducting discovery from non-parties in connection with the Litigation, shall provide any non-party from which it seeks discovery with a copy of this Order so as to inform each such non-party of his, her or its rights herein. If a non-party provides discovery to any Party in connection with the Litigation, the provisions of this Order shall apply to such discovery as if such discovery were being provided by a Party. Under such circumstances, the non-party shall have the same rights and obligations under the Order as held by the Parties. For the avoidance of doubt, non-parties may designate Discovery Material as Confidential or Highly Confidential Information pursuant to Paragraphs 3(a) and 3(b) as set forth herein.

37.    This Stipulation shall continue to be binding after the conclusion of this Litigation except (a) that there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal and never unsealed); and (b) that a Party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of the Stipulation.

38.    Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

39.    Within one hundred eighty (180) days after the final termination of this Litigation by settlement (including, to the extent applicable, final court approval of such settlement) or

18

exhaustion of all appeals, all Protected Information produced or designated and all reproductions thereof, shall be returned to the Producing Party or shall be destroyed, at the option of the Producing Party, which option shall be communicated in writing to the Receiving Party promptly.  In the event that any Producing Party opts for destruction of its Protected Information, the Receiving Party shall certify, in writing, within one hundred eighty (180) days of the final termination of this Litigation that it has undertaken its best efforts to destroy such physical objects and documents, and that such physical objects and documents have been destroyed to the best of its knowledge.  These best efforts need not include destroying Protected Information residing on back-up tapes or other disaster recovery systems.  Notwithstanding anything to the contrary, counsel of record for the Parties may retain copies of documents constituting work product, reports, pleadings, motion papers, discovery responses, deposition and trial transcripts and deposition and trial exhibits.  This Stipulation shall not be interpreted in a manner that would violate any applicable canons of ethics or codes of professional responsibility. Nothing in this Stipulation shall prohibit or interfere with the ability of counsel for any Party, or of experts specially retained for this case, to represent any individual, corporation, or other entity adverse to any Party or its affiliate(s) in connection with any other matters.  For the avoidance of doubt, experts, third-party vendors and consultants who have received Protected Information shall also be required to return or destroy such Protected Information pursuant to the terms of this paragraph.

DATED:  October 2, 2015

MAYER BROWN LLP

By:

Matthew D. Ingber

Matthew D. Ingber
Paula Garrett Lin
Christopher J. Houpt
Lisa R. Blank
MAYER BROWN LLP
1221 Avenue of the Americas
New York, New York 10020
(212) 506-2500

*Attorneys for The Bank of New York Mellon*

WOLLMUTH MAHER & DEUTSCH LLP


By: _____
        Steven S. Fitzgerald

David H. Wollmuth
Randall R. Rainer
Michael C. Ledley
Steven S. Fitzgerald
Danielle A. D'Aquila
WOLLMUTH MAHER & DEUTSCH LLP
500 Fifth Avenue
New York, New York 10110
Telephone No.: (212) 382-3300
Facsimile No.: (212) 382-0050

George A. Zelcs
John A. Libra
Matthew C. Davies
Max C. Gibbons
KOREIN TILLERY LLC
205 North Michigan Plaza
Suite 1950
Chicago, Illinois 60601
Telephone No.: (312) 641-9750
Facsimile No.: (312) 641-9760

Stephen M. Tillery
KOREIN TILLERY LLC
505 North Seventh Street
Suite 3600
St. Louis, Missouri 63101-1625
Telephone No.: (314) 241-4844
Facsimile No.: (314) 241-3525

*Attorneys for Phoenix Light SF Ltd., et al.*

EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PHOENIX LIGHT SF LIMITED, in its own right and the right of BLUE HERON FUNDING V LTD., BLUE HERON FUNDING VI LTD., BLUE HERON FUNDING VII LTD., BLUE HERON FUNDING IX LTD., KLEROS PREFERRED FUNDING V PLC, SILVER ELMS CDO PLC, SILVER ELMS CDO II LIMITED, C-BASS CBO XVII LTD. and C-BASS CBO XIV LTD., and each of BLUE HERON FUNDING V LTD., BLUE HERON FUNDING VI LTD., BLUE HERON FUNDING VII LTD., BLUE HERON FUNDING IX LTD., KLEROS PREFERRED FUNDING V PLC, SILVER ELMS CDO PLC and SILVER ELMS CDO II LIMITED, in their own right, | Index No. 14-cv-10104 (VEC) |
| Plaintiffs, | |
| -against- | |
| THE BANK OF NEW YORK MELLON, as Trustee, | |
| Defendant. | |

## UNDERTAKING FOR THE USE OF CONFIDENTIAL INFORMATION

I, _____, state that:

1.  My business address is _____

2.  My present employer is _____

3.  My present occupation or job description is _____

4.   I have received a copy of the Stipulation and Order for the Production and Exchange of Confidential Information (the "Stipulation") entered in the above-entitled consolidated actions (the "Litigation") on _____.

5.   I have carefully read and understand the provisions of the Stipulation.

6.   I will comply with all of the provisions of the Stipulation.

7.   I will hold in confidence, will not disclose to anyone not qualified under the Stipulation, and will use only for purposes of this Litigation, any Confidential or Highly Confidential Information that is disclosed to me.

8.   At the conclusion of my work on this matter, I will return or destroy, to the extent permitted by law, all Confidential or Highly Confidential Information that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the Party by whom I am employed or retained, or to counsel from whom I received the Confidential or Highly Confidential Information.

9.   I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Stipulation in this Litigation.


Dated: _____          By: _____

## ORDER

IT IS SO ORDERED.

DATED: ___October 5, 2015___          _____
                                      THE HONORABLE VALERIE E. CAPRONI
                                      UNITED STATES DISTRICT JUDGE