UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PHOENIX LIGHT SF LIMITED, in its own right and the right of BLUE HERON FUNDING V LTD., BLUE HERON FUNDING VI LTD., BLUE HERON FUNDING VII LTD., BLUE HERON FUNDING IX LTD., KLEROS PREFERRED FUNDING V PLC, SILVER ELMS CDO PLC, SILVER ELMS CDO II LIMITED, C-BASS CBO XVII LTD. and C-BASS CBO XIV LTD., and each of BLUE HERON FUNDING V LTD., BLUE HERON FUNDING VI LTD., BLUE HERON FUNDING VII LTD., BLUE HERON FUNDING IX LTD., KLEROS PREFERRED FUNDING V PLC, SILVER ELMS CDO PLC, SILVER ELMS CDO II LIMITED, C-BASS CBO XVII LTD and C-BASS CBO XIV LTD. in their own right, <br><br> Plaintiffs, <br><br> v. <br><br> THE BANK OF NEW YORK MELLON, as Trustee, <br><br> Defendant. | Case No. 14-cv-10104-VEC <br><br> **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT <u>THE BANK OF NEW YORK MELLON</u>** |

Defendant The Bank of New York Mellon ("BNYM" or "Defendant"), by its attorneys, Mayer Brown LLP, hereby answers the allegations set forth in Plaintiffs' Second Amended Complaint ("SAC") as follows:

## <u>NATURE OF ACTION</u>[1]

1.      Paragraph 1 purports to set forth a summary of this action. By Opinion and Order dated September 29, 2015, the Honorable Valerie Caproni dismissed from this action Plaintiffs' claims for (i) breach of fiduciary duty and (ii) violation of the Streit Act in their entirety, (iii) breach of the covenant of good faith and fair dealing claim, as it relates to any conduct prior to the Trustee's having knowledge of an Event of Default, and (iv) Plaintiffs' violations of the Trust

---

[1] For ease of reference, Defendant has included the section headings used in the SAC.  To the extent that any allegations contained in a section heading may be deemed to require a response, they are denied.

Indenture Act ("TIA") claim as it relates to the trusts governed by Pooling and Servicing Agreements ("PSAs") and as to alleged breaches of Sections 315(a) and 316(b) of the TIA. This is the present law of the case. To the extent that a response is required, Defendant denies that it violated any legal duties or other obligations, but admits that it is trustee for the 29 Covered Trusts.

2.      Defendant admits that the Covered Trusts hold residential mortgage loans and were created between 2005 and 2007. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 2. Defendant respectfully refers to the documents governing the Trusts at issue for their true and complete contents.

3.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3.

4.      Paragraph 4 states conclusions of law as to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 4 and respectfully refers to the documents governing the Trusts at issue for their true and complete contents.

5.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5.

6.      By Opinion and Order dated September 29, 2015, the Honorable Valerie Caproni dismissed from this action Plaintiffs' claims for (i) breach of fiduciary duty and (ii) violation of the Streit Act in their entirety, (iii) breach of the covenant of good faith and fair dealing claim, as it relates to any conduct prior to the Trustee's having knowledge of an Event of Default, and (iv) violation of the TIA claim, as it relates to the trusts governed by PSAs and as to alleged breaches

of Sections 315(a) and 316(b) of the TIA. This is the present law of the case. To the extent a

response is required, Defendant denies the allegations contained in the first and second sentences

of Paragraph 6. The third and fourth sentences of Paragraph 6 state conclusions of law as to

which no response is required. To the extent that a response is required, Defendant denies the

allegations contained in the third and fourth sentences of Paragraph 6, respectfully refers to the

documents governing the Trusts at issue for their true and complete contents, and denies any

allegation that it failed to act in compliance with the governing documents or with any other

applicable laws. Defendant denies the allegations contained in the fifth and sixth sentences of

Paragraph 6.

7.       Paragraph 7 states conclusions of law as to which no response is required.

Additionally, by Opinion and Order dated September 29, 2015, the Honorable Valerie Caproni

dismissed from this action Plaintiffs' claims for (i) breach of fiduciary duty and (ii) violation of

the Streit Act in their entirety, (iii) breach of the covenant of good faith and fair dealing claim, as

it relates to any conduct prior to the Trustee's having knowledge of an Event of Default, and (iv)

violation of the TIA claim, as it relates to the trusts governed by PSAs and as to alleged breaches

of Sections 315(a) and 316(b) of the TIA. This is the present law of the case. To the extent a

response is required, Defendant denies the allegations contained in Paragraph 7 and respectfully

refers to the documents governing the Trusts at issue for their true and complete contents.

8.       Paragraph 8 states conclusions of law as to which no response is required.

Additionally, by Opinion and Order dated September 29, 2015, the Honorable Valerie Caproni

dismissed from this action Plaintiffs' claims for (i) breach of fiduciary duty and (ii) violation of

the Streit Act in their entirety, (iii) breach of the covenant of good faith and fair dealing claim, as

it relates to any conduct prior to the Trustee's having knowledge of an Event of Default, and (iv)

violation of the TIA claim, as it relates to the trusts governed by PSAs and as to alleged breaches of Sections 315(a) and 316(b) of the TIA. This is the present law of the case. To the extent a response is required, Defendant denies the allegations contained in Paragraph 8.

9.     Paragraph 9 states conclusions of law as to which no response is required. Additionally, by Opinion and Order dated September 29, 2015, the Honorable Valerie Caproni dismissed from this action Plaintiffs' claims for (i) breach of fiduciary duty and (ii) violation of the Streit Act in their entirety, (iii) breach of the covenant of good faith and fair dealing claim, as it relates to any conduct prior to the Trustee's having knowledge of an Event of Default, and (iv) violation of the TIA claim, as it relates to the trusts governed by PSAs and as to alleged breaches of Sections 315(a) and 316(b) of the TIA. This is the present law of the case. To the extent that Paragraph 9 states or assumes conclusions of law, no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 9 and respectfully refers to the documents governing the Trusts at issue for their true and complete contents.

10.     Paragraph 10 states conclusions of law as to which no response is required. Additionally, by Opinion and Order dated September 29, 2015, the Honorable Valerie Caproni dismissed from this action Plaintiffs' claims for (i) breach of fiduciary duty and (ii) violation of the Streit Act in their entirety, (iii) breach of the covenant of good faith and fair dealing claim, as it relates to any conduct prior to the Trustee's having knowledge of an Event of Default, and (iv) violation of the TIA claim, as it relates to the trusts governed by PSAs and as to alleged breaches of Sections 315(a) and 316(b) of the TIA. This is the present law of the case. To the extent a response is required, Defendant denies the allegations contained in Paragraph 10 and respectfully refers to the documents cited therein for their true and complete contents.

11.     Paragraph 11 states conclusions of law as to which no response is required. Additionally, by Opinion and Order dated September 29, 2015, the Honorable Valerie Caproni dismissed from this action Plaintiffs' claims for (i) breach of fiduciary duty and (ii) violation of the Streit Act in their entirety, (iii) breach of the covenant of good faith and fair dealing claim, as it relates to any conduct prior to the Trustee's having knowledge of an Event of Default, and (iv) violation of the TIA claim, as it relates to the trusts governed by PSAs and as to alleged breaches of Sections 315(a) and 316(b) of the TIA. This is the present law of the case. To the extent that Paragraph 11 states or assumes conclusions of law, accordingly, no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 11 and respectfully refers to the documents governing the Trusts at issue for their true and complete contents.

12.     Paragraph 12 states conclusions of law as to which no response is required. Additionally, by Opinion and Order dated September 29, 2015, the Honorable Valerie Caproni dismissed from this action Plaintiffs' claims for (i) breach of fiduciary duty and (ii) violation of the Streit Act in their entirety, (iii) breach of the covenant of good faith and fair dealing claim, as it relates to any conduct prior to the Trustee's having knowledge of an Event of Default, and (iv) violation of the TIA claim, as it relates to the trusts governed by PSAs and as to alleged breaches of Sections 315(a) and 316(b) of the TIA. This is the present law of the case. To the extent that Paragraph 12 states or assumes conclusions of law, no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 12 and respectfully refers to the documents governing the Trusts at issue for their true and complete contents.

13.     Paragraph 13 states conclusions of law as to which no response is required. Additionally, by Opinion and Order dated September 29, 2015, the Honorable Valerie Caproni

dismissed from this action Plaintiffs' claims for (i) breach of fiduciary duty and (ii) violation of the Streit Act in their entirety, (iii) breach of the covenant of good faith and fair dealing claim, as it relates to any conduct prior to the Trustee's having knowledge of an Event of Default, and (iv) violation of the TIA claim, as it relates to the trusts governed by PSAs and as to alleged breaches of Sections 315(a) and 316(b) of the TIA. This is the present law of the case. To the extent that Paragraph 13 states or assumes conclusions of law, no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 13 and respectfully refers to the documents governing the Trusts at issue for their true and complete contents.

14.     Defendant lacks knowledge or information sufficient to form a belief as to the magnitude of any losses that Plaintiffs may have suffered and denies the remaining allegations in Paragraph 14.

## PARTIES

15.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15.

16.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16.

17.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17.

18.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18.

19.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19.

20.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20.

21.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21.

22.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22.

23.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23.

24.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24.

25.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25.

26.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26.

27.     Paragraph 27 states conclusions of law as to which no response is required. Additionally, by Opinion and Order dated September 29, 2015, the Honorable Valerie Caproni dismissed from this action Plaintiffs' claims for (i) breach of fiduciary duty and (ii) violation of the Streit Act in their entirety, (iii) breach of the covenant of good faith and fair dealing claim, as it relates to any conduct prior to the Trustee's having knowledge of an Event of Default, and (iv) Plaintiffs' violations of the Trust Indenture Act ("TIA") claim as it relates to the trusts governed by Pooling and Servicing Agreements ("PSAs") and as to alleged breaches of Sections 315(a) and 316(b) of the TIA. This is the present law of the case. Defendant admits that it is trustee for the Covered Trusts and that it is organized under the laws of the State of New York, with its principal place of business located in New York, New York. Defendant further admits that, as trustee, it signs certificates incorporating PSAs. To the extent a further response is required,

Defendant denies the remaining allegations and respectfully refers to the documents governing the Trusts at issue for their true and complete contents. Defendant denies any allegation that it failed to act in compliance with the governing documents or with any other applicable laws.

## JURISDICTION AND VENUE

28.    Paragraph 28 states conclusions of law as to which no response is required.

29.    Paragraph 29 states conclusions of law as to which no response is required.

30.    Paragraph 30 states conclusions of law as to which no response is required. Defendant admits that it is organized under the laws of New York, with its principal place of business in New York. Defendant denies the allegations of personal jurisdiction contained in Paragraph 30 to the extent that they differ from the contents of the governing documents and respectfully refers to the documents governing the Trusts at issue for their true and complete contents. To the extent a further response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 30.

## FACTUAL ALLEGATIONS

### I.    THE SECURITIZATION PROCESS

31.    Defendant admits that Paragraph 31 contains a description that applies to certain forms of securitization and respectfully refers to the documents governing the Trusts at issue for their true and complete contents.

32.    Defendant admits that Paragraph 32 contains a description that applies to certain forms of securitization and respectfully refers to the documents governing the Trusts at issue for their true and complete contents.

33.    Defendant admits that Paragraph 33 contains a description that applies to certain forms of securitization and respectfully refers to the documents governing the Trusts at issue for

their true and complete contents. Defendant further admits that it serves as trustee under various Pooling and Servicing Agreements ("PSAs").

34.     Defendant respectfully refers to the documents governing the Trusts at issue for their true and complete contents.

35.     Defendant admits that Paragraph 35 contains a description that applies to certain forms of securitization and respectfully refers to the documents governing the Trusts at issue for their true and complete contents.

36.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36.

37.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37.

38.     Defendant admits that it is trustee for the trusts at issue in this litigation and that it earned fees in connection with this role. Defendant denies the remaining allegations in Paragraph 38 and respectfully refers to the documents governing the Trusts at issue for their true and complete contents.

## II.     BNY MELLON'S DUTIES AND OBLIGATIONS

39.     Defendant denies the allegations contained in Paragraph 39.

### A.     BNY Mellon Had a Duty to Take Physical Possession of Complete Mortgage Files and Enforce Related Repurchase Obligations

40.     Defendant admits that Paragraph 40 contains partial, modified quotations from § 2.01 of the CWALT 2006-27CB PSA. Defendant denies all other allegations contained in Paragraph 40 and respectfully refers to the documents governing the Trusts at issue for their true and complete contents.

41.     Defendant admits that Paragraph 41 contains a partial quotation from § 2.02 of the CWALT 2006-27CB PSA. Defendant denies all other allegations contained in Paragraph 41 and respectfully refers to the documents governing the Trusts at issue for their true and complete contents.

42.     Paragraph 42 states conclusions of law as to which no response is required. To the extent a response is required, Defendant admits that Paragraph 42 contains partial, modified quotations from § 2.01(c) of the CWALT 2006-27CB PSA. Defendant denies all other allegations contained in Paragraph 42 and respectfully refers to the documents governing the Trusts at issue for their true and complete contents.

43.     Paragraph 43 contains conclusions of law as to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 43 and respectfully refers to the documents governing the Trusts at issue for their true and complete contents.

44.     Paragraph 44 states conclusions of law as to which no response is required. Additionally, by Opinion and Order dated September 29, 2015, the Honorable Valerie Caproni dismissed from this action Plaintiffs' claims for (i) breach of fiduciary duty and (ii) violation of the Streit Act in their entirety, (iii) breach of the covenant of good faith and fair dealing claim, as it relates to any conduct prior to the Trustee's having knowledge of an Event of Default, and (iv) violation of the TIA claim, as it relates to the trusts governed by PSAs and as to alleged breaches of Sections 315(a) and 316(b) of the TIA. This is the present law of the case. To the extent that a response is required, Defendant respectfully refers to the documents governing the Trusts at issue for their true and complete contents.

45.     Defendant denies each and every allegation in Paragraph 45.

46.     Paragraph 46 states conclusions of law as to which no response is required. To the extent a response is required, Defendant admits that Paragraph 46 contains a partial, modified quotation from § 2.02 of the CWALT 2006-27CB PSA. Defendant denies all other allegations contained in Paragraph 46 and respectfully refers to the documents governing the Trusts at issue for their true and complete contents.

47.     Paragraph 47 states conclusions of law as to which no response is required. To the extent a response is required, Defendant admits that Paragraph 47 contains a partial, modified quotation from § 2.02(a) of the CWALT 2006-27CB PSA. Defendant denies all other allegations contained in Paragraph 47 and respectfully refers to the documents governing the Trusts at issue for their true and complete contents.

48.     Paragraph 48 states conclusions of law as to which no response is required. To the extent a response is required, Defendant admits that Paragraph 48 contains a partial, modified quotation from § 2.02(a) of the CWALT 2006-27CB PSA. Defendant denies all other allegations contained in Paragraph 48 and respectfully refers to the documents governing the Trusts at issue for their true and complete contents.

49.     Paragraph 49 states conclusions of law as to which no response is required. To the extent a response is required, Defendant admits that Paragraph 49 contains a partial, modified quotation from the ''Form of Initial Certification'' of the CWALT 2006-27CB PSA. Defendant denies all other allegations contained in Paragraph 49 and respectfully refers to the documents governing the Trusts at issue for their true and complete contents.

50.     Paragraph 50 states conclusions of law as to which no response is required. To the extent a response is required, Defendant admits that Paragraph 50 contains a partial, modified quotation from § 2.02(a) of the CWALT 2006-27CB PSA. Defendant denies all other allegations

contained in Paragraph 50 and respectfully refers to the documents governing the Trusts at issue for their true and complete contents.

51.     Paragraph 51 states conclusions of law as to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 51 and respectfully refers to the documents governing the Trusts at issue for their true and complete contents.

**B.     BNY Mellon Had a Duty to Provide Notice of Defaults and Enforce Repurchase Obligations Triggered by Such Notice**

52.     Paragraph 52 states conclusions of law as to which no response is required. To the extent a response is required, Defendant admits that Paragraph 52 contains a partial, modified quotation from § 2.03(c) of the CWALT 2006-27CB PSA. Defendant denies all other allegations contained in Paragraph 52 and respectfully refers to the documents governing the Trusts at issue for their true and complete contents.

53.     Paragraph 53 states conclusions of law as to which no response is required. To the extent a response is required, Defendant admits that Paragraph 53 contains a partial quotation from § 7.01(ii) of the CWALT 2006-27CB PSA. Defendant denies all other allegations contained in Paragraph 53 and respectfully refers to the documents governing the Trusts at issue for their true and complete contents.

54.     Paragraph 54 states conclusions of law as to which no response is required. Defendant denies all allegations contained in Paragraph 54 and respectfully refers to the documents governing the Trusts at issue for their true and complete contents.

55.     Paragraph 55 states conclusions of law as to which no response is required. To the extent a response is required, Defendant denies all allegations contained in Paragraph 55 and

respectfully refers to the documents governing the Trusts at issue for their true and complete contents.

56.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56.

57.     Paragraph 57 states conclusions of law as to which no response is required. Additionally, by Opinion and Order dated September 29, 2015, the Honorable Valerie Caproni dismissed from this action Plaintiffs' claims for (i) breach of fiduciary duty and (ii) violation of the Streit Act in their entirety, (iii) breach of the covenant of good faith and fair dealing claim, as it relates to any conduct prior to the Trustee's having knowledge of an Event of Default, and (iv) violation of the TIA claim, as it relates to the trusts governed by PSAs and as to alleged breaches of Sections 315(a) and 316(b) of the TIA. This is the present law of the case. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 57 and respectfully refers to 15 U.S.C. § 77ooo(b) for its true and correct contents.

58.     Paragraph 58 states conclusions of law as to which no response is required. Additionally, by Opinion and Order dated September 29, 2015, the Honorable Valerie Caproni dismissed from this action Plaintiffs' claims for (i) breach of fiduciary duty and (ii) violation of the Streit Act in their entirety, (iii) breach of the covenant of good faith and fair dealing claim, as it relates to any conduct prior to the Trustee's having knowledge of an Event of Default, and (iv) violation of the TIA claim, as it relates to the trusts governed by PSAs and as to alleged breaches of Sections 315(a) and 316(b) of the TIA. This is the present law of the case. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 58 and respectfully refers to the documents governing the Trusts at issue and the TIA for their true and complete contents.

C. **BNY Mellon Had a Duty to Exercise Due Care to Enforce Repurchase Obligations and Avoid Conflicts of Interest**

59.     Paragraph 59 states conclusions of law as to which no response is required. Additionally, by Opinion and Order dated September 29, 2015, the Honorable Valerie Caproni dismissed from this action Plaintiffs' claims for (i) breach of fiduciary duty and (ii) violation of the Streit Act in their entirety, (iii) breach of the covenant of good faith and fair dealing claim, as it relates to any conduct prior to the Trustee's having knowledge of an Event of Default, and (iv) violation of the TIA claim, as it relates to the trusts governed by PSAs and as to alleged breaches of Sections 315(a) and 316(b) of the TIA. This is the present law of the case. To the extent that a response is required, Defendant admits that Paragraph 59 contains a partial, modified quotation from § 8.01 of the CWALT 2006-27CB PSA. Defendant denies all other allegations contained in Paragraph 59 and respectfully refers to the documents governing the Trusts at issue for their true and complete contents.

60.     Paragraph 60 states conclusions of law as to which no response is required. Additionally, by Opinion and Order dated September 29, 2015, the Honorable Valerie Caproni dismissed from this action Plaintiffs' claims for (i) breach of fiduciary duty and (ii) violation of the Streit Act in their entirety, (iii) breach of the covenant of good faith and fair dealing claim, as it relates to any conduct prior to the Trustee's having knowledge of an Event of Default, and (iv) violation of the TIA claim, as it relates to the trusts governed by PSAs and as to alleged breaches of Sections 315(a) and 316(b) of the TIA. This is the present law of the case. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 60 and respectfully refers to the documents governing the Trusts at issue for their true and complete contents.

61.     Paragraph 61 states conclusions of law as to which no response is required. Additionally, by Opinion and Order dated September 29, 2015, the Honorable Valerie Caproni

dismissed from this action Plaintiffs' claims for (i) breach of fiduciary duty and (ii) violation of the Streit Act in their entirety, (iii) breach of the covenant of good faith and fair dealing claim, as it relates to any conduct prior to the Trustee's having knowledge of an Event of Default, and (iv) violation of the TIA claim, as it relates to the trusts governed by PSAs and as to alleged breaches of Sections 315(a) and 316(b) of the TIA. This is the present law of the case. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 61 and respectfully refers to the documents governing the Trusts at issue for their true and complete contents.

62.     Paragraph 62 states conclusions of law as to which no response is required. Additionally, by Opinion and Order dated September 29, 2015, the Honorable Valerie Caproni dismissed from this action Plaintiffs' claims for (i) breach of fiduciary duty and (ii) violation of the Streit Act in their entirety, (iii) breach of the covenant of good faith and fair dealing claim, as it relates to any conduct prior to the Trustee's having knowledge of an Event of Default, and (iv) violation of the TIA claim, as it relates to the trusts governed by PSAs and as to alleged breaches of Sections 315(a) and 316(b) of the TIA. This is the present law of the case. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 62 and respectfully refers to 15 U.S.C. § 77ooo(c) for its true and correct contents.

63.     Paragraph 63 states conclusions of law as to which no response is required. Additionally, by Opinion and Order dated September 29, 2015, the Honorable Valerie Caproni dismissed from this action Plaintiffs' claims for (i) breach of fiduciary duty and (ii) violation of the Streit Act in their entirety, (iii) breach of the covenant of good faith and fair dealing claim, as it relates to any conduct prior to the Trustee's having knowledge of an Event of Default, and (iv) violation of the TIA claim, as it relates to the trusts governed by PSAs and as to alleged breaches of Sections 315(a) and 316(b) of the TIA. This is the present law of the case. To the extent that a

response is required, Defendant denies each and every allegation in Paragraph 63 and respectfully refers to the Streit Act for its true and correct contents.

64.     Paragraph 64 states conclusions of law as to which no response is required. Additionally, by Opinion and Order dated September 29, 2015, the Honorable Valerie Caproni dismissed from this action Plaintiffs' claims for (i) breach of fiduciary duty and (ii) violation of the Streit Act in their entirety, (iii) breach of the covenant of good faith and fair dealing claim, as it relates to any conduct prior to the Trustee's having knowledge of an Event of Default, and (iv) violation of the TIA claim, as it relates to the trusts governed by PSAs and as to alleged breaches of Sections 315(a) and 316(b) of the TIA. This is the present law of the case. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 64 and respectfully refers to the Streit Act for its true and correct contents.

65.     Paragraph 65 states conclusions of law as to which no response is required. Additionally, by Opinion and Order dated September 29, 2015, the Honorable Valerie Caproni dismissed from this action Plaintiffs' claims for (i) breach of fiduciary duty and (ii) violation of the Streit Act in their entirety, (iii) breach of the covenant of good faith and fair dealing claim, as it relates to any conduct prior to the Trustee's having knowledge of an Event of Default, and (iv) violation of the TIA claim, as it relates to the trusts governed by PSAs and as to alleged breaches of Sections 315(a) and 316(b) of the TIA. This is the present law of the case. To the extent that a response is required, Defendant denies each and every allegation contained in Paragraph 65 and respectfully refers to the documents governing the Trusts at issue for their true and complete contents.

**D.      BNY Mellon Had a Duty to Provide Accurate Remittance Reports and Certifications Under Regulation AB**

66.      Paragraph 66 states conclusions of law as to which no response is required. To the extent a response is required, Defendant admits that Paragraph 66 contains a partial, modified quotation from § 4.06 of the CWALT 2006-27CB PSA. Defendant denies all other allegations contained in Paragraph 66 and respectfully refers to the documents governing the Trusts at issue for their true and complete contents.

67.      Paragraph 67 states conclusions of law as to which no response is required. To the extent a response is required, Defendant admits Paragraph 67 contains a partial quotation from 17 C.F.R. § 229.1121. Defendant denies all other allegations contained in Paragraph 67 and respectfully refers to the regulation for its true and complete contents.

68.      Paragraph 68 states conclusions of law as to which no response is required. To the extent a response is required, Defendant admits Paragraph 68 contains partial, modified quotations from 17 C.F.R § 229.1122. Defendant denies all other allegations contained in Paragraph 68 and respectfully refers to the regulation for its true and complete contents.

69.      Paragraph 69 states conclusions of law as to which no response is required. Additionally, by Opinion and Order dated September 29, 2015, the Honorable Valerie Caproni dismissed from this action Plaintiffs' claims for (i) breach of fiduciary duty and (ii) violation of the Streit Act in their entirety, (iii) breach of the covenant of good faith and fair dealing claim, as it relates to any conduct prior to the Trustee's having knowledge of an Event of Default, and (iv) violation of the TIA claim, as it relates to the trusts governed by PSAs and as to alleged breaches of Sections 315(a) and 316(b) of the TIA. This is the present law of the case. To the extent a response is required, Defendant denies each and every allegation in Paragraph 69.

E.     **BNY Mellon Had a Duty to Address the Master Servicers' and Servicers' Failure to Meet Prudent Servicing Standards**

70.     Defendant denies each and every allegation in Paragraph 70.

71.     Paragraph 71 states conclusions of law as to which no response is required. To the extent a response is required, Defendant admits Paragraph 71 contains partial quotations from § 3.01 of the CWALT 2006-27CB PSA. Defendant denies all other allegations contained in Paragraph 71 and respectfully refers to the documents governing the Trusts at issue for their true and complete contents.

72.     Defendant denies each and every allegation in Paragraph 72.

73.     Paragraph 73 states conclusions of law as to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 73.

74.     Paragraph 74 states conclusions of law as to which no response is required. To the extent a response is required, Defendant admits that Paragraph 74 contains a partial, modified quotation from § 7.01(c) of the CWALT 2006-27CB PSA. Defendant denies all other allegations contained in Paragraph 74 and respectfully refers to the documents governing the Trusts at issue for their true and complete contents.

75.     Defendant denies each and every allegation in Paragraph 75.

76.     Paragraph 76 states conclusions of law as to which no response is required. To the extent a response is required, Defendant admits that Paragraph 76 contains partial quotations from §§ 7.01 and 3.05 of the CWALT 2006-27CB PSA. Defendant denies all other allegations contained in Paragraph 76 and respectfully refers to the documents governing the Trusts at issue for their true and complete contents.

77.     Paragraph 77 states conclusions of law as to which no response is required. Additionally, by Opinion and Order dated September 29, 2015, the Honorable Valerie Caproni

dismissed from this action Plaintiffs' claims for (i) breach of fiduciary duty and (ii) violation of the Streit Act in their entirety, (iii) breach of the covenant of good faith and fair dealing claim, as it relates to any conduct prior to the Trustee's having knowledge of an Event of Default, and (iv) violation of the TIA claim, as it relates to the trusts governed by PSAs and as to alleged breaches of Sections 315(a) and 316(b) of the TIA. This is the present law of the case. To the extent a response is required, Defendant denies each and every allegation contained in Paragraph 77.

<strong>F. BNY Mellon is Liable for Negligence in Performing Its Duties</strong>

78. Paragraph 78 states conclusions of law as to which no response is required. Additionally, by Opinion and Order dated September 29, 2015, the Honorable Valerie Caproni dismissed from this action Plaintiffs' claims for (i) breach of fiduciary duty and (ii) violation of the Streit Act in their entirety, (iii) breach of the covenant of good faith and fair dealing claim, as it relates to any conduct prior to the Trustee's having knowledge of an Event of Default, and (iv) violation of the TIA claim, as it relates to the trusts governed by PSAs and as to alleged breaches of Sections 315(a) and 316(b) of the TIA. This is the present law of the case. To the extent a response is required, Defendant admits that Paragraph 78 contains a partial modified quotation from § 8.01(c) of the CWALT 2006-27CB PSA. Defendant denies all other allegations contained in Paragraph 78 and respectfully refers to the documents governing the Trusts at issue and statutes cited therein for their true and complete contents.

79. Paragraph 79 states conclusions of law as to which no response is required. To the extent a response is required, Defendant denies all allegations contained in Paragraph 79 and respectfully refers to the documents governing the Trusts at issue for their true and complete contents.

## III. BNY MELLON BREACHED ITS CONTRACTUAL, FIDUCIARY AND STATUTORY DUTIES

### A. BNY Mellon Failed to Take Possession of Complete Mortgage Files

80.     Paragraph 80 states conclusions of law as to which no response is required. Additionally, by Opinion and Order dated September 29, 2015, the Honorable Valerie Caproni dismissed from this action Plaintiffs' claims for (i) breach of fiduciary duty and (ii) violation of the Streit Act in their entirety, (iii) breach of the covenant of good faith and fair dealing claim, as it relates to any conduct prior to the Trustee's having knowledge of an Event of Default, and (iv) violation of the TIA claim, as it relates to the trusts governed by PSAs and as to alleged breaches of Sections 315(a) and 316(b) of the TIA. This is the present law of the case. To the extent a response is required, Defendant denies all allegations contained in Paragraph 80 and respectfully refers to the documents governing the Trusts at issue and statutes cited therein for their true and complete contents.

81.     Defendant denies the allegations contained in Paragraph 81 to the extent that they allege misconduct by Defendant and respectfully refers to the documents governing the Trusts at issue for their true and complete contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 81 and respectfully refers to the hearing transcript cited therein for its true and complete contents.

82.     Defendant denies each and every allegation contained in Paragraph 82.

83.     Paragraph 83 states conclusions of law as to which no response is required. To the extent a response is required, Defendant denies all allegations contained in Paragraph 83 and respectfully refers to the documents governing the Trusts at issue for their true and complete contents.

84.     Paragraph 84 states conclusions of law as to which no response is required. To the extent a response is required, Defendant denies all allegations contained in Paragraph 84 and respectfully refers to the documents governing the Trusts at issue for their true and complete contents.

### 1.     The Servicers' and Master Servicers' Cover-up of the Sponsors' Document Delivery Failures

85.     Defendant denies the allegations contained in Paragraph 85.

#### a.     Credit-Based Asset Servicing and Securitization LLC and Litton Loan Servicing LP

86.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86.

87.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87.

88.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 and respectfully refers to the material cited therein for its true and complete contents.

89.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 and respectfully refers to the testimony cited therein for its true and complete contents

90.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 and respectfully refers to the material cited therein for its true and complete contents.

91.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91 and respectfully refers to the Consent Order cited therein for its true and complete contents.

92.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92 and respectfully refers to the material cited therein for its true and complete contents.

93.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 93 and respectfully refers to the material cited therein for its true and complete contents.

94.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94 and respectfully refers to the presentation cited therein for its true and complete contents.

> **b.      Countrywide Home Loans, Inc. and Countrywide Home Loans Servicing LP**

95.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95.

96.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96.

97.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97 and respectfully refers to the material cited therein for its true and complete contents.

98.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98 and respectfully refers to the material cited therein for its true and complete contents.

99.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99 and respectfully refers to the Consent Order cited therein for its true and complete contents.

100.    Defendant respectfully refers to the material cited therein for its true and complete contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation about the NYAG's purported investigation.

101.    Defendant admits that on or about August 4, 2011, the NYAG filed a pleading against Defendant, as trustee, containing the language quoted in Paragraph 101 and respectfully refers to the pleadings filed for their true and complete contents.

102.    Defendant denies the allegations contained in Paragraph 102. Defendant further states that the NYAG withdrew the petition referenced in Paragraph 102 and that no findings were made as a result of this petition.

103.    Defendant admits that on or about August 4, 2011, the NYAG filed a pleading against Defendant, as trustee, containing the language quoted in Paragraph 103 and respectfully refers to the pleadings filed for their true and complete contents.

104.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 104 and respectfully refers to the material cited therein for its true and complete contents.

105.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 105 and respectfully refers to the material cited therein for its true and complete contents.

106.    Defendant admits that it retained Phillip R. Burnaman II in the Article 77 Proceeding in the Supreme Court of the State of New York, County of New York, before Justice Kapnick (the "Settlement Action"). Defendant denies all remaining allegations in Paragraph 106 and respectfully refers to the Expert Report cited therein for its true and complete contents.

### c. First Horizon Home Loan Corporation

107.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 107.

108.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 108 and respectfully refers to the material cited therein for its true and complete contents.

109.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 109 and respectfully refers to the material cited therein for its true and complete contents.

110.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 110 and respectfully refers to the material cited therein for its true and complete contents.

### d. First NLC Financial Services, LLC

111.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 111 and respectfully refers to the material cited therein for its true and complete contents.

### e. GE Mortgage Holding LLC

112.    Defendant admits that on January 11, 2013, Defendant, solely in its capacity as trustee for GE-WMC Mortgage Securities Trust 2006-1, filed a complaint against WMC Mortgage, LLC and GE Mortgage Holding, L.L.C. Defendant denies all remaining allegations in Paragraph 112 and respectfully refers to the material cited therein for its true and complete contents.

**f.      JPMorgan Chase Bank, N.A. and ECC Capital Corporation**

113.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 113.

114.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 114.

115.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 115 and respectfully refers to the material cited therein for its true and complete contents.

116.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 116 and respectfully refers to the testimony cited therein for its true and complete contents.

117.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 117 and respectfully refers to the material cited therein for its true and complete contents.

118.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 118.

119.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 119.

120.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 120 and respectfully refers to the report cited therein for its true and complete contents.

121.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 121 and respectfully refers to the Consent Order cited therein for its true and complete contents.

122.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 122 and respectfully refers to the material cited therein for its true and complete contents.

123.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 123 and respectfully refers to the material cited therein for its true and complete contents.

124.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 124 and respectfully refers to the material cited therein for its true and complete contents.

125.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 125 and respectfully refers to the material cited therein for its true and complete contents.

**g.    Wells Fargo Bank, N.A.**

126.    Paragraph 126 states conclusions of law as to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 126.

127.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 127 and respectfully refers to the material cited therein for its true and complete contents.

128.    Paragraph 128 states conclusions of law as to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 128 and respectfully refers to the material cited therein for its true and complete contents.

129.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 129 and respectfully refers to the material cited therein for its true and complete contents.

130.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 130 and respectfully refers to the material cited therein for its true and complete contents.

131.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 131 and respectfully refers to the Consent Order cited therein for its true and complete contents.

132.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 132 and respectfully refers to the material cited therein for its true and complete contents.

133.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 133 and respectfully refers to the complaint cited therein for its true and complete contents.

134.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 134 and respectfully refers to the material cited therein for its true and complete contents.

135.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 135 and respectfully refers to the material cited therein for its true and complete contents.

136.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 136 and respectfully refers to the material cited therein for its true and complete contents.

**B.      BNY Mellon Was Aware of but Failed to Provide Notice of Defaults Relating to Document Delivery Failures and the Master Servicers', Sponsors' and Originators' Pervasive Representation and Warranty Breaches.**

137.     Paragraph 137 states conclusions of law as to which no response is required. To the extent a response is required, Defendant denies each and every allegation contained in Paragraph 137.

138.     Paragraph 138 states conclusions of law as to which no response is required. To the extent a response is required, Defendant denies each and every allegation contained in Paragraph 138.

139.     Paragraph 139 states conclusions of law as to which no response is required. To the extent a response is required, Defendant admits Paragraph 139 contains partial, modified quotations from Schedule IIIA, § 36 of the CWALT 2006-27CB PSA. Defendant denies all other allegations contained in Paragraph 139 and respectfully refers to the documents governing the Trusts at issue for their true and complete contents.

140.     Paragraph 140 states conclusions of law as to which no response is required. To the extent a response is required, Defendant respectfully refers to the documents governing the Trusts at issue for their true and complete contents.

141.     Paragraph 141 states conclusions of law as to which no response is required. To the extent a response is required, Defendant denies each and every allegation contained in Paragraph 141.

142.    Defendant admits that it is trustee for the trusts at issue in this litigation. Paragraph 142 also states conclusions of law as to which no response is required. To the extent a response is required, Defendant denies each and every allegation in Paragraph 142.

143.    Defendant admits that it is trustee for the trusts at issue in this litigation. Paragraph 143 also states conclusions of law as to which no response is required. To the extent a response is required, Defendant denies each and every allegation in Paragraph 143.

144.    Defendant admits that Defendant has commenced foreclosure actions for loans. Defendant denies the remaining allegations in Paragraph 144 and respectfully refers to the material cited therein for its true and complete contents.

145.    Paragraph 145 states conclusions of law as to which no response is required. To the extent a response is required, Defendant admits Paragraph 145 contains a partial quotation from § 8.01 of the CWALT 2006-27CB PSA. Defendant denies all other allegations contained in Paragraph 145 and respectfully refers to the documents governing the Trusts at issue for their true and complete contents.

146.    Paragraph 146 sets forth conclusions of law as to which no response is required. To the extent a response is required, Defendant denies each and every allegation in Paragraph 146 and respectfully refers to the material cited therein for its true and complete contents.

147.    Paragraph 147 sets forth conclusions of law as to which no response is required. To the extent a response is required, Defendant denies each and every allegation in Paragraph 147.

148.    Paragraph 148 sets forth conclusions of law as to which no response is required. To the extent a response is required, Defendant admits that it commenced a repurchase action solely in its capacity as Securities Administrator for J.P. Morgan Acquisition Trust 2006-WMC4.

Defendant denies the remaining allegations in Paragraph 148 and respectfully refers to the material cited therein for its true and complete contents.

149.     Paragraph 149 sets forth conclusions of law as to which no response is required. To the extent a response is required, Defendant denies each and every allegation in Paragraph 149.

150.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 150. Defendant respectfully refers to the material cited therein for its true and complete contents.

151.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 151. Defendant respectfully refers to the material cited therein for its true and complete contents.

152.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 152. Defendant respectfully refers to the material cited therein for its true and complete contents.

153.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 153. Defendant respectfully refers to the material cited therein for its true and complete contents.

154.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 154. Defendant respectfully refers to the material cited therein for its true and complete contents.

155.     Defendant denies the allegations contained in Paragraph 155.

156.     Paragraph 156 states conclusions of law as to which no response is required. To the extent a response is required, Defendant denies each and every allegation and respectfully refers to the material cited therein for its true and complete contents.

157.     Paragraph 157 states conclusions of law as to which no response is required. To the extent a response is required, Defendant denies each and every allegation in Paragraph 157 and respectfully refers to the material cited therein for its true and complete contents.

158.     Paragraph 158 states conclusions of law as to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 158.

### 1.     The Originators' and Sponsors' Pervasive Breaches of Representations and Warranties

159.     Defendant admits that Sponsors or Originators provided representations and warranties in PSAs. Defendant respectfully refers to the documents governing the Trusts at issue for their true and complete contents.

160.     Paragraph 160 states conclusions of law as to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 160.

161.     Defendant denies the allegations contained in Paragraph 161.

162.     Paragraph 162 states conclusions of law as to which no response is required. To the extent a response is required, Defendant denies each and every allegation in Paragraph 162.

163.     Paragraph 163 states conclusions of law as to which no response is required. Defendant denies the allegations contained in Paragraph 163 to the extent that they allege misconduct by Defendant and respectfully refers to the documents governing the Trusts at issue for their true and complete contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 163.

164.    Paragraph 164 states conclusions of law as to which no response is required. To the extent a response is required, Defendant denies each and every allegation contained in Paragraph 164.

### a.    Ameriquest Mortgage Company

165.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 165.

166.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 166 and respectfully refers to the material cited therein for its true and complete contents.

167.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 167 and respectfully refers to the material cited therein for its true and complete contents.

168.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 168 and respectfully refers to the material cited therein for its true and complete contents.

169.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 169 and respectfully refers to the material cited therein for its true and complete contents.

170.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 170 and respectfully refers to the material cited therein for its true and complete contents.

171.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 171 and respectfully refers to the material cited therein for its true and complete contents.

**b.    Countrywide Home Loans, Inc. and Countrywide Bank, N.A.**

172.    Defendant denies the allegations contained in Paragraph 172.

173.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 173.

174.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 174 and respectfully refers to the material cited therein for its true and complete contents.

175.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 175 and respectfully refers to the material cited therein for its true and complete contents.

176.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 176 and respectfully refers to the material cited therein for its true and complete contents.

177.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 177 and respectfully refers to the material cited therein for its true and complete contents.

178.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 178 and respectfully refers to the material cited therein for its true and complete contents.

179.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 179 and respectfully refers to the material cited therein for its true and complete contents.

180.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 180 and respectfully refers to the material cited therein for its true and complete contents.

181.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 181 and respectfully refers to the material cited therein for its true and complete contents.

182.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 182.

183.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 183 and respectfully refers to the material cited therein for its true and complete contents.

184.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 184 and respectfully refers to the material cited therein for its true and complete contents.

185.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 185 and respectfully refers to the material cited therein for its true and complete contents.

186.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 186 and respectfully refers to the material cited therein for its true and complete contents.

187.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 187 and respectfully refers to the material cited therein for its true and complete contents.

188.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 188 and respectfully refers to the material cited therein for its true and complete contents.

189.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 189 and respectfully refers to the material cited therein for its true and complete contents.

190.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 190 and respectfully refers to the material cited therein for its true and complete contents.

191.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 191 and respectfully refers to the material cited therein for its true and complete contents.

192.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 192 and respectfully refers to the material cited therein for its true and complete contents.

193.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 193 and respectfully refers to the material cited therein for its true and complete contents.

194.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 194 and respectfully refers to the material cited therein for its true and complete contents.

195.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 195 and respectfully refers to the material cited therein for its true and complete contents.

196.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 196 and respectfully refers to the material cited therein for its true and complete contents.

197.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 197.

198.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 198 and respectfully refers to the complaints cited therein for their true and complete contents.

199.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 199 and respectfully refers to the complaint cited therein for its true and complete contents.

200.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 200 and respectfully refers to the complaint cited therein for its true and complete contents.

201.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 201 and respectfully refers to the complaint cited therein for its true and complete contents.

202.    Defendant denies the allegations contained in Paragraph 202 and respectfully refers to the settlement cited therein for its true and complete contents.

203.     Paragraph 203 states conclusions of law as to which no response is required. Defendant denies the allegations contained in Paragraph 203 to the extent that they allege misconduct by Defendant and respectfully refers to the documents governing the Trusts at issue for their true and complete contents. Defendant lacks knowledge or information sufficient to form a belief as to truth of the remaining allegations in Paragraph 203.

### c.      Credit-Based Asset Servicing and Securitization LLC

204.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 204.

205.     Paragraph 205 states conclusions of law as to which no response is required. To the extent a response is required, Defendant denies each and every allegation and respectfully refers to the material cited therein for its true and complete contents.

206.     Paragraph 206 states conclusions of law as to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 206.

207.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 207 and respectfully refers to the material cited therein for its true and complete contents.

208.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 208 and respectfully refers to the amended complaint cited therein for its true and complete contents.

209.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 209 and respectfully refers to the statement cited therein for its true and complete contents.

210.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 210 and respectfully refers to the complaint cited therein for its true and complete contents.

211.    Paragraph 211 states conclusions of law as to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 211 and respectfully refers to the material cited therein for its true and complete contents.

### d.    Decision One Mortgage Company LLC

212.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 212.

213.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 213 and respectfully refers to the material cited therein for its true and complete contents.

214.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 214 and respectfully refers to the material cited therein for its true and complete contents.

215.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 215 and respectfully refers to the complaint cited therein for its true and complete contents.

### e.    ECC Capital Corporation and Encore Credit Corporation

216.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 216.

217.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 217 and respectfully refers to the complaints cited therein for their true and complete contents.

218.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 218 and respectfully refers to the material cited therein for its true and complete contents.

219.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 219 and respectfully refers to the complaints cited therein for their true and complete contents.

220.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 220 and respectfully refers to the material cited therein for its true and complete contents.

221.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 221 and respectfully refers to the material cited therein for its true and complete contents.

222.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 222 and respectfully refers to the material cited therein for its true and complete contents.

223.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 223 and respectfully refers to the material cited therein for their true and complete contents.

224.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 224 and respectfully refers to the settlement cited therein for its true and complete contents.

225.    Paragraph 225 states conclusions of law as to which no response is required. To the extent a response is required, Defendant denies each and every allegation.

### f.    First Horizon Home Loan Corporation

226.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 226.

227.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 227 and respectfully refers to the complaint cited therein for its true and complete contents.

228.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 228 and respectfully refers to the material cited therein for its true and complete contents.

229.    Paragraph 229 states conclusions of law as to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 229 and respectfully refers to the material cited therein for its true and complete contents.

230.    Paragraph 230 states conclusions of law as to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 230 and respectfully refers to the complaint cited therein for its true and complete contents.

231.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 231 and respectfully refers to the complaint cited therein for its true and complete contents.

232.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 232 and respectfully refers to the material cited therein for its true and complete contents.

233.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 233 and respectfully refers to the material cited therein for its true and complete contents.

234.    Paragraph 234 states conclusions of law as to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 234 and respectfully refers to the material cited therein for its true and complete contents.

235.    Paragraph 235 states conclusions of law as to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 235 and respectfully refers to the material cited therein for its true and complete contents.

236.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 236 and respectfully refers to the material cited therein for its true and complete contents.

237.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 237 and respectfully refers to the material cited therein for its true and complete contents.

238.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 238 and respectfully refers to the Annual Report cited therein for its true and complete contents.

239.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 239.

240.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 240 and respectfully refers to the complaint cited therein for its true and complete contents.

241.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 241 and respectfully refers to the complaint cited therein for its true and complete contents.

### g.    First NLC Financial Services, LLC

242.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 242.

243.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 243 and respectfully refers to the material cited therein for its true and complete contents.

244.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 244 and respectfully refers to the material cited therein for its true and complete contents.

245.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 245 and respectfully refers to the material cited therein for its true and complete contents.

246.    Paragraph 246 states conclusions of law as to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 246 and respectfully refers to the investigations and lawsuits cited therein for their true and complete contents.

247.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 247 and respectfully refers to the complaint cited therein for its true and complete contents.

248.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 248 and respectfully refers to the complaint cited therein for its true and complete contents.

249.    Paragraph 249 states conclusions of law as to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 249 and respectfully refers to the complaint cited therein for its true and complete contents.

**h.      Impac Funding Corporation**

250.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 250.

251.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 251 and respectfully refers to the complaint cited therein for its true and complete contents.

252.    Paragraph 252 states conclusions of law as to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 252 and respectfully refers to the complaint cited therein for its true and complete contents.

253.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 253 and respectfully refers to the complaint cited therein for its true and complete contents.

254.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 254 and respectfully refers to the complaint cited therein for its true and complete contents.

255.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 255 and respectfully refers to the complaint cited therein for its true and complete contents.

256.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 256 and respectfully refers to the complaint cited therein for its true and complete contents.

257.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 257 and respectfully refers to the complaint cited therein for its true and complete contents.

258.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 258 and respectfully refers to the complaint cited therein for its true and complete contents.

### i.        Lime Financial Services, Ltd.

259.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 259.

260.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 260.

261.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 261 and respectfully refers to the complaint cited therein for its true and complete contents.

**j.      MILA, Inc.**

262.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 262.

263.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 263 and respectfully refers to the report cited therein for its true and complete contents.

264.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 264 and respectfully refers to the report cited therein for its true and complete contents.

265.    Paragraph 265 states conclusions of law as to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 265 and respectfully refers to the report cited therein for its true and complete contents.

266.    Paragraph 266 states conclusions of law as to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 266 and respectfully refers to the report cited therein for its true and complete contents.

267.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 267 and respectfully refers to the report cited therein for its true and complete contents.

268.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 268 and respectfully refers to the report cited therein for its true and complete contents.

269.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 269 and respectfully refers to the report cited therein for its true and complete contents.

270.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 270 and respectfully refers to the report cited therein for its true and complete contents.

271.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 271 and respectfully refers to the complaint cited therein for its true and complete contents.

**k.      Millennium Funding**

272.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 272.

273.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 273 and respectfully refers to the material cited therein for its true and complete contents.

274.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 274 and respectfully refers to the complaint cited therein for its true and complete contents.

**l.      MortgageIT, Inc.**

275.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 275.

276.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 276 and respectfully refers to the complaint cited therein for its true and complete contents.

277.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 277 and respectfully refers to the complaint cited therein for its true and complete contents.

278.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 278 and respectfully refers to the complaint cited therein for its true and complete contents.

279.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 279 and respectfully refers to the complaint cited therein for its true and complete contents.

280.    Paragraph 280 states conclusions of law as to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 280 and respectfully refers to the complaint cited therein for its true and complete contents.

281.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 281 and respectfully refers to the Stipulation and Order of Settlement and Dismissal cited therein for its true and complete contents.

282.    Paragraph 282 states conclusions of law as to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 282 and respectfully refers to the material cited therein for its true and complete contents.

283.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 283 and respectfully refers to the complaint cited therein for its true and complete contents.

284.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 284 and respectfully refers to the Stipulation and Order of Settlement and Dismissal cited therein for its true and complete contents.

> **m.     NC Capital Corporation and New Century Mortgage Corporation**

285.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 285.

286.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 286 and respectfully refers to the material cited therein for its true and complete contents.

287.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 287 and respectfully refers to the article cited therein for its true and complete contents.

288.     Paragraph 288 states conclusions of law as to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 288 and respectfully refers to the material cited therein for its true and complete contents.

289.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 289 and respectfully refers to the report cited therein for its true and complete contents.

290.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 290 and respectfully refers to the Examiner's Report cited therein for its true and complete contents.

291.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 291 and respectfully refers to the Examiner's Report cited therein for its true and complete contents.

292.    Paragraph 292 states conclusions of law as to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 292 and respectfully refers to the Examiner's Report cited therein for its true and complete contents.

293.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 293 and respectfully refers to the report cited therein for its true and complete contents.

294.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 294 and respectfully refers to the report cited therein for its true and complete contents.

295.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 295 and respectfully refers to the testimony cited therein for its true and complete contents.

296.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 296 and respectfully refers to the testimony cited therein for its true and complete contents.

297.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 297 and respectfully refers to the testimony cited therein for its true and complete contents.

298.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 298 and respectfully refers to the material cited therein for its true and complete contents.

299.    Paragraph 299 states conclusions of law as to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 299 and respectfully refers to the complaint cited therein for its true and complete contents.

**n.      NovaStar Mortgage, Inc.**

300.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 300.

301.    Paragraph 301 states conclusions of law as to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 301 and respectfully refers to the material cited therein for its true and complete contents.

302.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 302 and respectfully refers to the material cited therein for its true and complete contents.

**o.      Ownit Mortgage Solutions, Inc.**

303.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 303.

304.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 304 and respectfully refers to the material cited therein for its true and complete contents.

305.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 305 and respectfully refers to the article cited therein for its true and complete contents.

306.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 306 and respectfully refers to the complaints cited therein for their true and complete contents.

307.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 307 and respectfully refers to the complaint cited therein for its true and complete contents.

308.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 308 and respectfully refers to the material cited therein for its true and complete contents.

309.    Paragraph 309 states conclusions of law as to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 309 and respectfully refers to the material cited therein for its true and complete contents.

**p.      Wilmington Finance, Inc.**

310.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 310.

311.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 311 and respectfully refers to the material cited therein for its true and complete contents.

312.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 312 and respectfully refers to the complaint cited therein for its true and complete contents.

313.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 313 and respectfully refers to the complaint cited therein for its true and complete contents.

### q.    WMC Mortgage Corporate and GE Mortgage Holding LLC

314.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 314.

315.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 315 and respectfully refers to the article cited therein for its true and complete contents.

316.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 316 and respectfully refers to the article cited therein for its true and complete contents.

317.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 317 and respectfully refers to the broadcast cited therein for its true and complete contents.

318.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 318 and respectfully refers to the material cited therein for its true and complete contents.

319.    Paragraph 319 states conclusions of law as to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 319 and respectfully refers to the complaint cited therein for its true and complete contents.

320.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 320 and respectfully refers to the material cited therein for its true and complete contents.

321.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 321 and respectfully refers to the material cited therein for its true and complete contents.

322.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 322 and respectfully refers to the complaint cited therein for its true and complete contents.

323.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 323 and respectfully refers to the complaint cited therein for its true and complete contents.

324.    Paragraph 324 states conclusions of law as to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 324 and respectfully refers to the complaints cited therein for their true and complete contents.

325.    Defendant admits that it commenced litigation against WMC, solely in its capacity as trustee of J.P. Morgan Acquisition Trust 2006-WMC4. To the extent a further

response is required, Defendant respectfully refers to the repurchase action cited therein for its true and complete contents.

326.    Defendant admits that it commenced litigation against WMC, solely in its capacity as trustee of GE-WMC Mortgage Securities Trust 2006-1. Defendant denies the final sentence in Paragraph 326. To the extent a further response is required, Defendant respectfully refers to the repurchase action cited therein for its true and complete contents.

### C.    BNY Mellon Failed to Exercise Due Care and Enforce Repurchase Obligations

327.    Paragraph 327 states conclusions of law as to which no response is required. Additionally, by Opinion and Order dated September 29, 2015, the Honorable Valerie Caproni dismissed from this action Plaintiffs' claims for (i) breach of fiduciary duty and (ii) violation of the Streit Act in their entirety, (iii) breach of the covenant of good faith and fair dealing claim, as it relates to any conduct prior to the Trustee's having knowledge of an Event of Default, and (iv) violation of the TIA claim, as it relates to the trusts governed by PSAs and as to alleged breaches of Sections 315(a) and 316(b) of the TIA. This is the present law of the case. To the extent that a response is required, Defendant denies the allegations in Paragraph 327 and respectfully refers to the documents governing the Trusts at issue for their true and complete contents.

328.    Paragraph 328 states conclusions of law as to which no response is required. Additionally, by Opinion and Order dated September 29, 2015, the Honorable Valerie Caproni dismissed from this action Plaintiffs' claims for (i) breach of fiduciary duty and (ii) violation of the Streit Act in their entirety, (iii) breach of the covenant of good faith and fair dealing claim, as it relates to any conduct prior to the Trustee's having knowledge of an Event of Default, and (iv) violation of the TIA claim, as it relates to the trusts governed by PSAs and as to alleged breaches of Sections 315(a) and 316(b) of the TIA. This is the present law of the case. To the extent that a

response is required, Defendant denies the allegations in Paragraph 328 and respectfully refers to the documents governing the Trusts at issue for their true and complete contents.

329.    Paragraph 329 states conclusions of law as to which no response is required. Additionally, by Opinion and Order dated September 29, 2015, the Honorable Valerie Caproni dismissed from this action Plaintiffs' claims for (i) breach of fiduciary duty and (ii) violation of the Streit Act in their entirety, (iii) breach of the covenant of good faith and fair dealing claim, as it relates to any conduct prior to the Trustee's having knowledge of an Event of Default, and (iv) violation of the TIA claim, as it relates to the trusts governed by PSAs and as to alleged breaches of Sections 315(a) and 316(b) of the TIA. This is the present law of the case. To the extent that a response is required, Defendant denies the allegations in Paragraph 329 and respectfully refers to the documents governing the Trusts at issue for their true and complete contents.

330.    Paragraph 330 states conclusions of law as to which no response is required. Additionally, by Opinion and Order dated September 29, 2015, the Honorable Valerie Caproni dismissed from this action Plaintiffs' claims for (i) breach of fiduciary duty and (ii) violation of the Streit Act in their entirety, (iii) breach of the covenant of good faith and fair dealing claim, as it relates to any conduct prior to the Trustee's having knowledge of an Event of Default, and (iv) violation of the TIA claim, as it relates to the trusts governed by PSAs and as to alleged breaches of Sections 315(a) and 316(b) of the TIA. This is the present law of the case. To the extent that a response is required, Defendant denies the allegations in Paragraph 330 and respectfully refers to the documents governing the Trusts at issue for their true and complete contents.

       **1.**     **Events of Default Relating to Delay Delivery Mortgage Loans under the Countrywide and First Horizon PSAs**

331.    Paragraph 331 states conclusions of law as to which no response is required. Additionally, by Opinion and Order dated September 29, 2015, the Honorable Valerie Caproni

dismissed from this action Plaintiffs' claims for (i) breach of fiduciary duty and (ii) violation of the Streit Act in their entirety, (iii) breach of the covenant of good faith and fair dealing claim, as it relates to any conduct prior to the Trustee's having knowledge of an Event of Default, and (iv) violation of the TIA claim, as it relates to the trusts governed by PSAs and as to alleged breaches of Sections 315(a) and 316(b) of the TIA. This is the present law of the case. To the extent that a response is required, Defendant denies the allegations in Paragraph 331 and respectfully refers to the documents governing the Trusts at issue for their true and complete contents.

332.     Paragraph 332 states conclusions of law as to which no response is required. To the extent a response is required, Defendant admits that Paragraph 332 contains partial quotations from § 7.01(ii) of the CWALT 2006-27CB PSA. Defendant denies all other allegations contained in Paragraph 332 and respectfully refers to the documents governing the Trusts at issue for their true and complete contents.

333.     Defendant admits that Paragraph 333 contains a partial quotation from § 2.01(c) of the CWALT 2006-27CB PSA. Defendant denies all other allegations contained in Paragraph 333 and respectfully refers to the documents governing the Trusts at issue for their true and complete contents.

334.     Defendant admits that Paragraph 334 contains a partial, modified quotation from § 2.01(c) of the CWALT 2006-27CB PSA. Defendant denies all other allegations contained in Paragraph 334 and respectfully refers to the documents governing the Trusts at issue for their true and complete contents.

335.     Paragraph 335 states conclusions of law as to which no response is required. To the extent a response is required, Defendant denies the allegations contained in the first sentence of Paragraph 335 and respectfully refers to the documents governing the Trusts at issue for their

true and complete contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 335.

336.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 336.

337.     Paragraph 337 states conclusions of law as to which no response is required. Additionally, by Opinion and Order dated September 29, 2015, the Honorable Valerie Caproni dismissed from this action Plaintiffs' claims for (i) breach of fiduciary duty and (ii) violation of the Streit Act in their entirety, (iii) breach of the covenant of good faith and fair dealing claim, as it relates to any conduct prior to the Trustee's having knowledge of an Event of Default, and (iv) violation of the TIA claim, as it relates to the trusts governed by PSAs and as to alleged breaches of Sections 315(a) and 316(b) of the TIA. This is the present law of the case. To the extent a response is required, Defendant denies the final sentence in Paragraph 337 and any other allegations in Paragraph 337 to the extent that they allege misconduct by Defendant. Defendant respectfully refers to the documents governing the Trusts at issue for their true and complete contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 337.

338.     Paragraph 338 states conclusions of law as to which no response is required. Additionally, by Opinion and Order dated September 29, 2015, the Honorable Valerie Caproni dismissed from this action Plaintiffs' claims for (i) breach of fiduciary duty and (ii) violation of the Streit Act in their entirety, (iii) breach of the covenant of good faith and fair dealing claim, as it relates to any conduct prior to the Trustee's having knowledge of an Event of Default, and (iv) violation of the TIA claim, as it relates to the trusts governed by PSAs and as to alleged breaches of Sections 315(a) and 316(b) of the TIA. This is the present law of the case. To the extent a

response is required, Defendant denies each and every allegation in Paragraph 338 and respectfully refers to the documents governing the Trusts at issue for their true and complete contents.

### 2.   Events of Default Relating to Document Delivery Failure in the Covered Trusts

339.   Paragraph 339 states conclusions of law as to which no response is required. To the extent a response is required, Defendant denies each and every allegation in Paragraph 339 and respectfully refers to the documents governing the Trusts at issue for their true and complete contents.

340.   Paragraph 340 states conclusions of law as to which no response is required. Additionally, by Opinion and Order dated September 29, 2015, the Honorable Valerie Caproni dismissed from this action Plaintiffs' claims for (i) breach of fiduciary duty and (ii) violation of the Streit Act in their entirety, (iii) breach of the covenant of good faith and fair dealing claim, as it relates to any conduct prior to the Trustee's having knowledge of an Event of Default, and (iv) violation of the TIA claim, as it relates to the trusts governed by PSAs and as to alleged breaches of Sections 315(a) and 316(b) of the TIA. This is the present law of the case. To the extent a response is required, Defendant denies each and every allegation in Paragraph 340 and respectfully refers to the documents governing the Trusts at issue for their true and complete contents.

341.   Paragraph 341 states conclusions of law as to which no response is required. Additionally, by Opinion and Order dated September 29, 2015, the Honorable Valerie Caproni dismissed from this action Plaintiffs' claims for (i) breach of fiduciary duty and (ii) violation of the Streit Act in their entirety, (iii) breach of the covenant of good faith and fair dealing claim, as it relates to any conduct prior to the Trustee's having knowledge of an Event of Default, and (iv)

violation of the TIA claim, as it relates to the trusts governed by PSAs and as to alleged breaches of Sections 315(a) and 316(b) of the TIA. This is the present law of the case. To the extent a response is required, Defendant denies each and every allegation in Paragraph 341 and respectfully refers to the documents governing the Trusts at issue for their true and complete contents.

### 3.    Events of Default Under the FNLC 2005-1 Indenture

342.    Defendant admits that FNLC 2005-1 is a party to an Indenture and is not a party to a PSA. Paragraph 342 states conclusions of law as to which no response is required. To the extent a response is required, Defendant respectfully refers to the documents governing the Trusts at issue for their true and complete contents.

343.    Defendant admits that Paragraph 343 contains a partial quotation from § 3.5 of the FNLC 2005-1 Indenture. To the extent a response is required, Defendant respectfully refers to the documents governing the Trusts at issue for their true and complete contents.

344.    Paragraph 344 states conclusions of law as to which no response is required. Defendant further admits that Paragraph 344 contains a partial, modified quotation from the FNLC 2005-1 Indenture. To the extent a response is required, Defendant respectfully refers to the documents governing the Trusts at issue for their true and complete contents.

345.    Paragraph 345 states conclusions of law as to which no response is required. To the extent a response is required, Defendant denies each and every allegation contained in Paragraph 345 and respectfully refers to the documents governing the Trusts at issue for their true and complete contents.

346.    Paragraph 346 states conclusions of law as to which no response is required. To the extent a response is required, Defendant denies each and every allegation contained in Paragraph 346.

####     4.     Events of Default Concerning False Master Servicer and Servicer Certifications

347.     Paragraph 347 states conclusions of law as to which no response is required. Defendant admits that Paragraph 347 contains a partial quotation from § 3.16(a) of the CWALT 2006-27CB PSA. Defendant denies all other allegations contained in Paragraph 347 and respectfully refers to the documents governing the Trusts at issue for their true and complete contents. To the extent a response is required, Defendant denies each and every allegation contained in Paragraph 347 and respectfully refers to the documents governing the Trusts at issue for their true and complete contents.

348.     Paragraph 348 states conclusions of law as to which no response is required. Additionally, by Opinion and Order dated September 29, 2015, the Honorable Valerie Caproni dismissed from this action Plaintiffs' claims for (i) breach of fiduciary duty and (ii) violation of the Streit Act in their entirety, (iii) breach of the covenant of good faith and fair dealing claim, as it relates to any conduct prior to the Trustee's having knowledge of an Event of Default, and (iv) violation of the TIA claim, as it relates to the trusts governed by PSAs and as to alleged breaches of Sections 315(a) and 316(b) of the TIA. This is the present law of the case. To the extent a response is required, Defendant denies the allegations contained in Paragraph 348 and respectfully refers to the documents governing the Trusts at issue for their true and complete contents.

349.     Paragraph 349 states conclusions of law as to which no response is required. Defendant admits that Paragraph 349 contains a partial quotation from § 2.08 of the CWALT 2006-27CB PSA. Additionally, by Opinion and Order dated September 29, 2015, the Honorable Valerie Caproni dismissed from this action Plaintiffs' claims for (i) breach of fiduciary duty and (ii) violation of the Streit Act in their entirety, (iii) breach of the covenant of good faith and fair

dealing claim, as it relates to any conduct prior to the Trustee's having knowledge of an Event of Default, and (iv) violation of the TIA claim, as it relates to the trusts governed by PSAs and as to alleged breaches of Sections 315(a) and 316(b) of the TIA. This is the present law of the case. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 349, and respectfully refers to the documents governing the Trusts at issue for their true and complete contents.

> **5. BNY Mellon Received Written Notice of Representation and Warranty Violations Which Ripened into Events of Default**

350.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 350. To the extent a response is required, Defendant denies each and every allegation in Paragraph 350 and respectfully refers to the material cited therein for its true and complete contents.

351.   Defendant admits that beginning in June 2010, a group of institutional investors purporting to hold over 25% of the outstanding notes for approximately 100 Countrywide trusts for which BNY Mellon serves as trustee contacted Defendant. Paragraph 351 also states conclusions of law as to which no response is required. To the extent a response is required, Defendant denies each and every allegation contained in Paragraph 351 and respectfully refers to the material cited therein for its true and complete contents.

352.   Paragraph 352 states conclusions of law as to which no response is required. To the extent a response is required, Defendant denies each and every allegation contained in Paragraph 352 and respectfully refers to the documents governing the Trusts at issue for their true and complete contents.

353.   Paragraph 353 states conclusions of law as to which no response is required. Additionally, by Opinion and Order dated September 29, 2015, the Honorable Valerie Caproni

dismissed from this action Plaintiffs' claims for (i) breach of fiduciary duty and (ii) violation of the Streit Act in their entirety, (iii) breach of the covenant of good faith and fair dealing claim, as it relates to any conduct prior to the Trustee's having knowledge of an Event of Default, and (iv) violation of the TIA claim, as it relates to the trusts governed by PSAs and as to alleged breaches of Sections 315(a) and 316(b) of the TIA. This is the present law of the case. To the extent a response is required, Defendant denies each and every allegation contained in Paragraph 353.

354.     Defendant admits that, solely in its capacity as Trustee or Indenture Trustee of certain securitization trusts, it agreed to a Settlement Agreement with, among others, Bank of America. Defendant denies the remaining allegations contained in Paragraph 354. Defendant further states that the allegations contained in Paragraph 354 have been fully litigated in a New York state court proceeding.

355.     Defendant denies the allegations contained in Paragraph 355, except states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations about monoline insurers. Defendant further states that the allegations contained in Paragraph 355 have been fully litigated in a New York state court proceeding.

356.     Defendant denies each and every allegation in Paragraph 356. On March 5, 2015, the Appellate Division concluded that Defendant did not abuse its discretion or act unreasonably or in bad faith in embarking on the settlement. Defendant further states that the allegations contained in Paragraph 356 have been fully litigated in a New York state court proceeding.

357.     Defendant denies each and every allegation in Paragraph 357.

358.     Paragraph 358 states conclusions of law as to which no response is required. To the extent a response is required, Defendant denies each and every allegation in Paragraph 358.

Defendant further states that the allegations contained in Paragraph 358 have been fully litigated in a New York state court proceeding.

359.    Defendant states that the allegations contained in Paragraph 359 have been fully litigated in a New York state court proceeding. To the extent a response is required, Defendant denies the allegations in Paragraph 359.

**D.    BNY Mellon Provided False Regulation AB Certifications and Remittance Reports**

360.    Paragraph 360 states conclusions of law as to which no response is required. To the extent a response is required, Defendant denies each and every allegation in Paragraph 360 and respectfully refers to the regulation cited therein for its true and complete contents.

361.    Paragraph 361 states conclusions of law as to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 361, except admits that it regularly made remittance reports available to Certificateholders and respectfully refers to the reports and regulation cited therein for their true and complete contents.

362.    Paragraph 362 sets forth conclusions of law as to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 362.

363.    Paragraph 363 sets forth conclusions of law as to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 363 to the extent that they allege misconduct by Defendant and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 363.

### E.   BNY Mellon Failed to Address the Master Servicers' and Servicers' Looting of Trust Assets

364.    Paragraph 364 sets forth conclusions of law as to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 364.

365.    Paragraph 365 states conclusions of law as to which no response is required. To the extent a response is required, Defendant admits that Paragraph 365 contains a partial quotation of a court decision, which was reversed in relevant part. Defendant further states that the allegations contained in Paragraph 365 have been fully litigated in a New York state court proceeding. To the extent a response is required, Defendant denies each and every allegation in Paragraph 365 and respectfully refers to the Settlement Agreement cited therein for its true and complete contents.

366.    Paragraph 366 states conclusions of law as to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 366.

367.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 367.

368.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 368.

369.    Paragraph 369 states conclusions of law as to which no response is required. Additionally, by Opinion and Order dated September 29, 2015, the Honorable Valerie Caproni dismissed from this action Plaintiffs' claims for (i) breach of fiduciary duty and (ii) violation of the Streit Act in their entirety, (iii) breach of the covenant of good faith and fair dealing claim, as it relates to any conduct prior to the Trustee's having knowledge of an Event of Default, and (iv)

violation of the TIA claim, as it relates to the trusts governed by PSAs and as to alleged breaches of Sections 315(a) and 316(b) of the TIA. This is the present law of the case. To the extent a response is required, Defendant denies each and every allegation in Paragraph 369 and respectfully refers to the material cited therein for their true and complete contents.

370.    Defendant denies the allegations contained in Paragraph 370.

**1.    Countrywide Home Loans, Inc. and Countrywide Home Loans Servicing LP's Servicing Scams**

371.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 371.

372.    Paragraph 372 states conclusions of law as to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 372.

373.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 373 and respectfully refers to the material cited therein for its true and complete contents.

374.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 374 and respectfully refers to the material cited therein for its true and complete contents.

375.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 375 and respectfully refers to the material cited therein for its true and complete contents.

376.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 376 and respectfully refers to the material cited therein for its true and complete contents.

377.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 377.

378.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 378 and respectfully refers to the material cited therein for its true and complete contents.

379.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 379 and respectfully refers to the settlement cited therein for its true and complete contents.

### 2.    First Horizon Home Loan Corporation's Servicing Scams

380.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 380.

381.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 381 and respectfully refers to the Consent Order cited therein for its true and complete contents.

382.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 382 and respectfully refers to the Consent Order cited therein for its true and complete contents.

383.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 383 and respectfully refers to the material cited therein for its true and complete contents.

384.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 384 and respectfully refers to the Coalition Settlement cited therein for its true and complete contents.

3. **JPMorgan Chase Bank, N.A. and ECC Capital Corporation's Servicing Scams**

385.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 385.

386.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 386 and respectfully refers to the Consent Order cited therein for its true and complete contents.

387.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 387 and respectfully refers to the Consent Order cited therein for its true and complete contents.

388.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 388 and respectfully refers to the material cited therein for its true and complete contents.

389.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 389 and respectfully refers to the report cited therein for its true and complete contents.

390.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 390 and respectfully refers to the material cited therein for its true and complete contents.

391.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 391 and respectfully refers to the material cited therein for its true and complete contents.

392.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 392.

393.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 393 and respectfully refers to the settlement cited therein for its true and complete contents.

394.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 394 and respectfully refers to the material cited therein for its true and complete contents.

### 4.    Litton Loan Servicing LP's Servicing Scams

395.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 395.

396.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 396 and respectfully refers to the Consent Order cited therein for its true and complete contents.

397.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 397 and respectfully refers to the Consent Order cited therein for its true and complete contents.

398.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 398 and respectfully refers to the Consent Order cited therein for its true and complete contents.

399.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 399 and respectfully refers to the settlement agreement cited therein for its true and complete contents.

400.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 400.

401.    Paragraph 401 states conclusions of law as to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 401 and respectfully refers to the material cited therein for its true and complete contents.

402.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 402 and respectfully refers to the complaint cited therein for its true and complete contents.

403.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 403 and respectfully refers to the material cited therein for its true and complete contents.

404.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 404 and respectfully refers to the material cited therein for its true and complete contents.

405.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 405 and respectfully refers to the material cited therein for its true and complete contents.

406.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 406 and respectfully refers to the material cited therein for its true and complete contents.

407.    Defendant admits it received a letter from certificateholders and respectfully refers to the letter cited therein for its true and complete contents.

### 5.    Wells Fargo Bank, N.A.'s Servicing Scams

408.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 408.

409.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 409 and respectfully refers to the report cited therein for its true and complete contents.

410.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 410 and respectfully refers to the Consent Order cited therein for its true and complete contents.

411.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 411 and respectfully refers to the Consent Order cited therein for its true and complete contents.

412.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 412 and respectfully refers to the Consent Order cited therein for its true and complete contents.

413.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 413 and respectfully refers to the complaint cited therein for its true and complete contents.

414.    Paragraph 414 states conclusions of law as to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 414 and respectfully refers to the material cited therein for its true and complete contents.

415.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 415 and respectfully refers to the material cited therein for its true and complete contents.

**IV.**     **BNY MELLON'S CONDUCT INJURED PLAINTIFFS**

416.     Paragraph 416 states conclusions of law as to which no response is required. Additionally, by Opinion and Order dated September 29, 2015, the Honorable Valerie Caproni dismissed from this action Plaintiffs' claims for (i) breach of fiduciary duty and (ii) violation of the Streit Act in their entirety, (iii) breach of the covenant of good faith and fair dealing claim, as it relates to any conduct prior to the Trustee's having knowledge of an Event of Default, and (iv) violation of the TIA claim, as it relates to the trusts governed by PSAs and as to alleged breaches of Sections 315(a) and 316(b) of the TIA. This is the present law of the case. Defendant denies each and every allegation in Paragraph 416.

417.     Paragraph 417 sets forth conclusions of law as to which no response is required. Additionally, by Opinion and Order dated September 29, 2015, the Honorable Valerie Caproni dismissed from this action Plaintiffs' claims for (i) breach of fiduciary duty and (ii) violation of the Streit Act in their entirety, (iii) breach of the covenant of good faith and fair dealing claim, as it relates to any conduct prior to the Trustee's having knowledge of an Event of Default, and (iv) violation of the TIA claim, as it relates to the trusts governed by PSAs and as to alleged breaches of Sections 315(a) and 316(b) of the TIA. This is the present law of the case. To the extent a response is required, Defendant denies each and every allegation in Paragraph 417.

418.     Paragraph 418 sets forth conclusions of law as to which no response is required. To the extent a response is required, Defendant denies any and all allegations set forth in Paragraph 418.

419.     Paragraph 419 states conclusions of law as to which no response is required. Additionally, by Opinion and Order dated September 29, 2015, the Honorable Valerie Caproni dismissed from this action Plaintiffs' claims for (i) breach of fiduciary duty and (ii) violation of the Streit Act in their entirety, (iii) breach of the covenant of good faith and fair dealing claim, as

it relates to any conduct prior to the Trustee's having knowledge of an Event of Default, and (iv) violation of the TIA claim, as it relates to the trusts governed by PSAs and as to alleged breaches of Sections 315(a) and 316(b) of the TIA. This is the present law of the case. To the extent a response is required, Defendant denies each and every allegation in Paragraph 419.

420.    Paragraph 420 states conclusions of law as to which no response is required. Additionally, by Opinion and Order dated September 29, 2015, the Honorable Valerie Caproni dismissed from this action Plaintiffs' claims for (i) breach of fiduciary duty and (ii) violation of the Streit Act in their entirety, (iii) breach of the covenant of good faith and fair dealing claim, as it relates to any conduct prior to the Trustee's having knowledge of an Event of Default, and (iv) violation of the TIA claim, as it relates to the trusts governed by PSAs and as to alleged breaches of Sections 315(a) and 316(b) of the TIA. This is the present law of the case. To the extent a response is required, Defendant denies each and every allegation in Paragraph 420.

421.    Paragraph 421 sets forth conclusion of law as to which no response is required. To the extent a response is required, Defendant denies each and every allegation in Paragraph 421.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION
### (Violations of the TIA)

422.    Defendant incorporates by reference its responses to Paragraphs 1 through 421 as if fully set forth herein.

423.    By Opinion and Order dated September 29, 2015, the Honorable Valerie Caproni dismissed from this action Plaintiffs' violations of the TIA claim as it relates to the trusts governed by PSAs and as to alleged breaches of Sections 315(a) and 316(b) of the TIA. This is the present law of the case. To the extent that a response is required, Defendant denies the

allegations contained in Paragraph 423 as to the trusts governed by PSAs and respectfully refers to the PSAs and the TIA for their true and complete contents.

424.    Paragraph 424 states conclusions of law as to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 424.

425.    Paragraph 425 states conclusions of law as to which no response is required. Additionally, by Opinion and Order dated September 29, 2015, the Honorable Valerie Caproni dismissed from this action Plaintiffs' violations of the TIA claim as it relates to the trusts governed by PSAs and as to alleged breaches of Sections 315(a) and 316(b) of the TIA. This is the present law of the case. To the extent a response is required, Defendant denies the allegations contained in Paragraph 425 as to the trusts governed by PSAs.

426.    Paragraph 426 states conclusions of law as to which no response is required. Additionally, by Opinion and Order dated September 29, 2015, the Honorable Valerie Caproni dismissed from this action Plaintiffs' violations of the TIA claim as it relates to the trusts governed by PSAs and as to alleged breaches of Sections 315(a) and 316(b) of the TIA. This is the present law of the case. To the extent a response is required, Defendant denies each and every allegation contained in Paragraph 426 and respectfully refers to the documents governing the Trusts at issue for their true and complete contents.

427.    Paragraph 427 states conclusions of law as to which no response is required. Additionally, by Opinion and Order dated September 29, 2015, the Honorable Valerie Caproni dismissed from this action Plaintiffs' violations of the TIA claim as it relates to the trusts governed by PSAs and as to alleged breaches of Sections 315(a) and 316(b) of the TIA. This is the present law of the case. To the extent that a response is required, Defendant denies the

allegations contained in Paragraph 427 and respectfully refers to the documents governing the Trusts at issue and the TIA for their true and complete contents.

428.    Paragraph 428 states conclusions of law as to which no response is required. Additionally, by Opinion and Order dated September 29, 2015, the Honorable Valerie Caproni dismissed from this action Plaintiffs' violations of the TIA claim as it relates to the trusts governed by PSAs and as to alleged breaches of Sections 315(a) and 316(b) of the TIA. This is the present law of the case. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 428 and respectfully refers to the documents governing the Trusts at issue and the TIA for their true and complete contents.

429.    Paragraph 429 states conclusions of law as to which no response is required. Additionally, by Opinion and Order dated September 29, 2015, the Honorable Valerie Caproni dismissed from this action Plaintiffs' violations of the TIA claim as it relates to the trusts governed by PSAs and as to alleged breaches of Sections 315(a) and 316(b) of the TIA. This is the present law of the case. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 429 and respectfully refers to the documents governing the Trusts at issue and the TIA for their true and complete contents.

430.    Paragraph 430 states conclusions of law as to which no response is required. Additionally, by Opinion and Order dated September 29, 2015, the Honorable Valerie Caproni dismissed from this action Plaintiffs' violations of the TIA claim as it relates to the trusts governed by PSAs and as to alleged breaches of Sections 315(a) and 316(b) of the TIA. This is the present law of the case. To the extent a response is required, Defendant denies each and every allegation contained in Paragraph 430.

431.    Paragraph 431 states conclusions of law as to which no response is required. Additionally, by Opinion and Order dated September 29, 2015, the Honorable Valerie Caproni dismissed from this action Plaintiffs' violations of the TIA claim as it relates to the trusts governed by PSAs and as to alleged breaches of Sections 315(a) and 316(b) of the TIA. This is the present law of the case. To the extent a response is required, Defendant denies each and every allegation contained in Paragraph 431.

## SECOND CAUSE OF ACTION
### (Breach of Contract)

432.    Defendant incorporates by reference its responses to Paragraphs 1 through 431 as if fully set forth herein.

433.    Paragraph 433 states conclusions of law as to which no response is required. To the extent a response is required, Defendant denies each and every allegation contained in Paragraph 433.

434.    Paragraph 434 states conclusions of law as to which no response is required. To the extent a response is required, Defendant admits that the terms of its trusteeships are set forth in the PSAs and respectfully refers to the PSAs for their true and complete contents.

435.    Paragraph 435 states conclusions of law as to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 435 and respectfully refers to the PSAs for their true and complete contents.

436.    Paragraph 436 states conclusions of law as to which no response is required. To the extent a response is required, Defendant denies each and every allegation contained in Paragraph 436 and respectfully refers to the governing documents cited therein for their true and complete contents.

437.    Paragraph 437 states conclusions of law as to which no response is required. To the extent a response is required, Defendant denies each and every allegation contained in Paragraph 437 and respectfully refers to the documents governing the Trusts at issue for their true and complete contents.

438.    Paragraph 438 states conclusions of law as to which no response is required. To the extent a response is required, Defendant denies each and every allegation contained in Paragraph 438.

439.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 439.

440.    Paragraph 440 states conclusions of law as to which no response is required. To the extent a response is required, Defendant denies each and every allegation in Paragraph 440.

## THIRD CAUSE OF ACTION
### (Breach of Fiduciary Duty)

441.    Defendant incorporates by reference its responses to Paragraphs 1 through 440 as if fully set forth herein.

442.    Paragraph 442 states conclusions of law as to which no response is required. Additionally, by Opinion and Order dated September 29, 2015, the Honorable Valerie Caproni dismissed from this action Plaintiffs' cause of action for breach of fiduciary duty. This is the present law of the case. To the extent a response is required, Defendant denies each and every allegation in Paragraph 442.

443.    Paragraph 443 states conclusions of law as to which no response is required. Additionally, by Opinion and Order dated September 29, 2015, the Honorable Valerie Caproni dismissed from this action Plaintiffs' cause of action for breach of fiduciary duty. This is the

present law of the case. To the extent a response is required, Defendant denies each and every allegation in Paragraph 443.

444.    Paragraph 444 states conclusions of law as to which no response is required. Additionally, by Opinion and Order dated September 29, 2015, the Honorable Valerie Caproni dismissed from this action Plaintiffs' cause of action for breach of fiduciary duty. This is the present law of the case. To the extent a response is required, Defendant denies each and every allegation in Paragraph 444.

### FOURTH CAUSE OF ACTION
### (Negligence and Gross Negligence)

445.    Defendant incorporates by reference its responses to Paragraphs 1 through 444 as if fully set forth herein.

446.    Paragraph 446 states conclusions of law as to which no response is required. To the extent a response is required, Defendant denies each and every allegation contained in Paragraph 446 and respectfully refers to the documents governing the Trusts at issue for their true and complete contents.

447.    Paragraph 447 states conclusions of law as to which no response is required. To the extent a response is required, Defendant denies each and every allegation contained in Paragraph 447.

### FIFTH CAUSE OF ACTION
### (Negligent Misrepresentation)

448.    Defendant incorporates by reference its responses to Paragraphs 1 through 447 as if fully set forth herein.

449.    Paragraph 449 states conclusions of law as to which no response is required. To the extent a response is required, Defendant admits that Defendant serves as trustee for the Covered Trusts and denies the remaining allegations contained in Paragraph 449.

450. Paragraph 450 states conclusions of law as to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations about Plaintiffs' knowledge and abilities contained in Paragraph 450 and denies all other allegations contained in Paragraph 450.

451. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 451. Defendant denies the remaining allegations contained in Paragraph 451.

452. Defendant denies each and every allegation contained in Paragraph 452.

453. Paragraph 453 states conclusions of law as to which no response is required. To the extent a response is required, Defendant denies each and every allegation in Paragraph 453.

454. Paragraph 454 states conclusions of law as to which no response is required. To the extent a response is required, Defendant denies each and every allegation in Paragraph 454.

## SIXTH CAUSE OF ACTION
### (Violation of the Streit Act)

455. Defendant incorporates by reference its responses to Paragraphs 1 through 454 as if fully set forth herein.

456. Paragraph 456 states conclusions of law as to which no response is required. Additionally, by Opinion and Order dated September 29, 2015, the Honorable Valerie Caproni dismissed from this action Plaintiffs' cause of action for violation of the Streit Act. This is the present law of the case. To the extent a response is required, Defendant denies each and every allegation in Paragraph 456.

457. Paragraph 457 states conclusions of law as to which no response is required. Additionally, by Opinion and Order dated September 29, 2015, the Honorable Valerie Caproni dismissed from this action Plaintiffs' cause of action for violation of the Streit Act. This is the

present law of the case. To the extent a response is required, Defendant denies each and every allegation in Paragraph 457.

458.    Paragraph 458 states conclusions of law as to which no response is required. Additionally, by Opinion and Order dated September 29, 2015, the Honorable Valerie Caproni dismissed from this action Plaintiffs' cause of action for violation of the Streit Act. This is the present law of the case. To the extent a response is required, Defendant denies each and every allegation in Paragraph 458.

459.    Paragraph 459 states conclusions of law as to which no response is required. Additionally, by Opinion and Order dated September 29, 2015, the Honorable Valerie Caproni dismissed from this action Plaintiffs' cause of action for violation of the Streit Act. This is the present law of the case. To the extent a response is required, Defendant denies each and every allegation in Paragraph 459.

460.    Paragraph 460 states conclusions of law as to which no response is required. Additionally, by Opinion and Order dated September 29, 2015, the Honorable Valerie Caproni dismissed from this action Plaintiffs' cause of action for violation of the Streit Act. This is the present law of the case. To the extent a response is required, Defendant denies each and every allegation in Paragraph 460.

461.    Paragraph 461 states conclusions of law as to which no response is required. Additionally, by Opinion and Order dated September 29, 2015, the Honorable Valerie Caproni dismissed from this action Plaintiffs' cause of action for violation of the Streit Act. This is the present law of the case. To the extent a response is required, Defendant denies each and every allegation in Paragraph 461.

462.    Paragraph 462 states conclusions of law as to which no response is required. Additionally, by Opinion and Order dated September 29, 2015, the Honorable Valerie Caproni dismissed from this action Plaintiffs' cause of action for violation of the Streit Act. This is the present law of the case. To the extent a response is required, Defendant denies each and every allegation in Paragraph 462.

463.    Paragraph 463 states conclusions of law as to which no response is required. Additionally, by Opinion and Order dated September 29, 2015, the Honorable Valerie Caproni dismissed from this action Plaintiffs' cause of action for violation of the Streit Act. This is the present law of the case. To the extent a response is required, Defendant denies each and every allegation in Paragraph 463.

464.    Paragraph 464 states conclusions of law as to which no response is required. Additionally, by Opinion and Order dated September 29, 2015, the Honorable Valerie Caproni dismissed from this action Plaintiffs' cause of action for violation of the Streit Act. This is the present law of the case. To the extent a response is required, Defendant denies each and every allegation in Paragraph 464.

## SEVENTH CAUSE OF ACTION
### (Breach of the Covenant of Good Faith)

465.    Defendant incorporates by reference its responses to Paragraphs 1 through 464 as if fully set forth herein.

466.    Paragraph 466 states conclusions of law as to which no response is required. Additionally, by Opinion and Order dated September 29, 2015, the Honorable Valerie Caproni dismissed from this action Plaintiffs' breach of the covenant of good faith and fair dealing claim insofar as it relates to any conduct prior to the Trustee's having knowledge of an Event of Default. This is the present law of the case. To the extent a response is required, Defendant

denies each and every allegation in Paragraph 466 and respectfully refers to the documents governing the Trusts at issue for their true and complete contents.

467.    Paragraph 467 states conclusions of law as to which no response is required. Additionally, by Opinion and Order dated September 29, 2015, the Honorable Valerie Caproni dismissed from this action Plaintiffs' breach of the covenant of good faith and fair dealing claim insofar as it relates to any conduct prior to the Trustee's having knowledge of an Event of Default. This is the present law of the case. To the extent a response is required, Defendant denies each and every allegation in Paragraph 467.

468.    Paragraph 468 states conclusions of law as to which no response is required. Additionally, by Opinion and Order dated September 29, 2015, the Honorable Valerie Caproni dismissed from this action Plaintiffs' breach of the covenant of good faith and fair dealing claim insofar as it relates to any conduct prior to the Trustee's having knowledge of an Event of Default. This is the present law of the case. To the extent a response is required, Defendant denies each and every allegation in Paragraph 468.

469.    Paragraph 469 states conclusions of law as to which no response is required. Additionally, by Opinion and Order dated September 29, 2015, the Honorable Valerie Caproni dismissed from this action Plaintiffs' breach of the covenant of good faith and fair dealing claim insofar as it relates to any conduct prior to the Trustee's having knowledge of an Event of Default. This is the present law of the case. To the extent a response is required, Defendant denies each and every allegation in Paragraph 469.

## **RELIEF REQUESTED**

Any allegation heretofore neither admitted nor denied is now hereby expressly denied. Defendant denies that Plaintiffs are entitled to any form of relief sought in their Second Amended Complaint or to any other form of relief whatsoever.

## AFFIRMATIVE DEFENSES

Without assuming any burdens not imposed by law, Defendant asserts the following defenses to Plaintiffs' claims:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint fails to comply with the particularity requirements of Federal Rule of Civil Procedure 9(b).

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims against Defendant are barred, in whole or in part, because Plaintiffs lack standing.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Defendant contradict, and are expressly barred in whole or in part, by the terms of the documents governing the Covered Trusts.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Defendant are barred, in whole or in part, because the Trust Indenture Act of 1939, 15 U.S.C. § 77aaa, et seq., does not apply to certain trusts in which Plaintiffs have, or had, holdings.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Defendant are barred, in whole or in part, because Defendant did not breach any of its purported duties alleged in the Second Amended Complaint, whether imposed by the documents governing the Covered Trusts, common law or statute, if at all, and Defendant's conduct did not, directly or indirectly, constitute unlawful acts.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Defendant are barred, in whole or in part, because no Responsible Officer of Defendant, as defined by the documents governing the Covered Trusts, acted in bad faith.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Defendant are barred, in whole or in part, because no Responsible Officer of Defendant, as defined by the documents governing the Covered Trusts, acted negligently or acted with gross negligence.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Defendant are barred, in whole or in part, because any conduct by Defendant was undertaken in good faith and believed to be authorized or within the discretion or rights or powers conferred upon it by the documents governing the Covered Trusts.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Defendant are barred, in whole or in part, because Defendant is not bound to investigate facts or matters stated in any resolution, certificate, statement, instrument, opinion, report, notice, request, consent, order, approval, bond or other paper or document unless Defendant received the requisite Certificateholder direction, as defined in the documents governing the Covered Trusts, and there is no allegation that Plaintiff or other Certificateholders provided Defendant with such direction.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Defendant are barred, in whole or in part, because the documents governing the Covered Trusts expressly exculpate Defendant from any liability for any loss on any investment of funds made pursuant to documents governing the Covered Trusts.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Defendant are barred, in whole or in part, because Plaintiffs did not actually rely on any allegedly misleading statement or omission by Defendant or on any of Defendant's allegedly unique and special expertise and experience, but rather resulted from market forces or other intervening events over which Defendant had no control. Such intervening causes, if any, constitute intervening or superseding causes of harm.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Defendant are barred, in whole or in part, to the extent that the Covered Trusts or the securities held by the Plaintiffs are guaranteed, or "wrapped," by a monoline insurer, and there is no allegation that the insurer failed to perform during the relevant time. Additionally, to the extent that the Covered Trusts or the securities held by the Plaintiffs are guaranteed or "wrapped," the performing insurer is fully subrogated, with respect to payments made under the related insurance policy, to any of Plaintiffs' rights to receive principal and interest from those trusts or pursuant to those certificates and is treated as if it was the exclusive owner of all insured securities for the purpose of all approvals, consents, waivers, and the institution of any action and the direction of all remedies.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Defendant are barred, in whole or in part, because Plaintiffs' alleged damages were not actually, directly or proximately caused by any action or failure to act or any alleged misleading statement or omission on the part of Defendant, but rather resulted from market forces or other intervening events over which Defendant had no control. Such intervening causes, if any, constitute intervening or superseding causes of harm.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Defendant are barred, in whole or in part, by the applicable statutes of limitations.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Defendant are barred, in whole or in part, by the doctrine of laches to the extent that Plaintiffs were aware of any of the claims/allegations made in the Second Amended Complaint and failed to notify Defendant about them prior to filing suit.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Defendant are barred, in whole or in part, by the doctrines of res judicata, claim preclusion, and/or issue preclusion to the extent that any of Plaintiffs' claims and/or allegations made in the Second Amended Complaint were previously resolved by New York courts regarding Defendant's actions in connection with the Article 77 proceeding regarding its $8.5 billion settlement with Bank of America and Countrywide (*In re The Bank of New York Mellon*, 4 N.Y.S.3d 204 (App. Div. 2015)).

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Defendant are barred, in whole or in part, by Plaintiffs' failure to mitigate damages.

## NINETEENTH AFFIRMATIVE DEFENSE

In the event Plaintiffs recover a verdict or judgment against Defendant for any past or future claimed economic loss, said verdict or judgment must be reduced by any applicable collateral source or recovery.

## TWENTIETH AFFIRMATIVE DEFENSE

Defendant reserves and asserts affirmative defenses available under any applicable federal or state law, including the Federal Rules of Civil Procedure, and reserves the right to

assert other defenses, cross-claims and third-party claims when and if they become appropriate in this action.

## **RESERVATION OF RIGHTS**

Defendant reserves the right to supplement its Answer and affirmative defenses with additional defenses that become available or apparent during the course of investigation, preparation or discovery, and to amend its Answer accordingly.

\*        \*        \*        \*

WHEREFORE, having fully answered all of the allegations of the Second Amended Complaint to which any answer is required, Defendant prays that the Second Amended Complaint be dismissed with prejudice and that Defendant be awarded costs and expenses incurred as a result of having to defend this action.


Dated:   New York, New York
         December 1, 2015


/s/ Matthew D. Ingber
Matthew D. Ingber
Paula Garrett Lin
Christopher J. Houpt
MAYER BROWN LLP
1221 Avenue of the Americas
New York, New York 10020
(212) 506-2500
mingber@mayerbrown.com
plin@mayerbrown.com
choupt@mayerbrown.com
*Attorneys for Defendant*
*The Bank of New York Mellon*