MAYER·BROWN

Mayer Brown LLP
1221 Avenue of the Americas
New York, New York 10020-1001

Main Tel +1 212 506 2500
Main Fax +1 212 262 1910
www.mayerbrown.com

**Matthew D. Ingber**
Direct Tel +1 212 506 2373
Direct Fax +1 212 849 5973
mingber@mayerbrown.com

August 8, 2017

BY ECF

Honorable Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square, Room 240
New York, New York 10007

Re:   *Phoenix Light SF Limited, et al. v. The Bank of New York Mellon*, No. 14-cv-10104 (S.D.N.Y.)

Dear Judge Caproni:

We represent defendant The Bank of New York Mellon ("BNYM") and submit this notice of supplemental authority in connection with BNYM's Motion for Summary Judgment (ECF No. 128) and plaintiffs' Cross-Motion for Partial Summary Judgment (ECF No. 147).

On August 4, 2017, the court in *Western & Southern Life Insurance Co. et al. v. The Bank of New York Mellon*, Ohio Ct. Common Pleas No. A1302490, a case previously cited by plaintiffs, issued a letter ruling (Exhibit 1) and related Findings of Fact and Conclusions of Law (Exhibit 2) in BNYM's favor following a bench trial of claims identical to many of those asserted here[1], involving contracts identical to many of the contracts here, and brought by the same counsel representing plaintiffs here. Many of the court's legal rulings directly support BNYM's summary judgment motion and reject positions and arguments advanced by plaintiffs.

Trustee Duties: The court, noting that "[t]he PSAs for the Trusts are all governed by New York law" (Ex. 2 at ¶ 9), held that they "are unambiguous and must be interpreted as a matter of

---

[1]   The complaints in both *Western & Southern* (Exhibit 3) and in this case assert claims for violations of the TIA, violations of the Streit Act, breach of contract, breach of fiduciary duty, negligence, gross negligence, and negligent misrepresentation. Indeed, the language for several of the allegations in this case are copied nearly verbatim from the *Western & Southern* complaint. *Compare, e.g.*, Ex. 3 at ¶¶ 148-151 *with* ECF No. 137 at ¶¶ 373-377 (comparing nearly verbatim breach of fiduciary duty allegations); Ex. 3 at ¶¶ 152-154 *with* ECF No. 137 at ¶¶ 378-381 (comparing verbatim negligence and gross negligence allegations); Ex. 3 at ¶¶ 155-161 *with* ECF No. 137 at ¶¶ 382-389 (comparing nearly verbatim negligent misrepresentation allegations). (Please note that the exhibits to the *Western & Southern* complaint in Exhibit 3 are omitted from this filing due to file size upload limits.)

Mayer Brown LLP operates in combination with other Mayer Brown entities (the "Mayer Brown Practices"), which have offices in North America, Europe and Asia and are associated with Tauil & Chequer Advogados, a Brazilian law partnership.

Honorable Valerie E. Caproni
August 8, 2017
Page 2

law." (Ex. 1 at 7.) The court then concluded that "an RMBS trustee's duties are limited to those specifically set forth in the agreements" (Ex. 2 at ¶ 19), adding that:

> The trustee was not a gatekeeper. It was also not a trustee in the common law sense of the word. The trustee had the duties set forth in the contracts and only those duties. It did not have a fiduciary duty to the plaintiffs [prior to an Event of Default ('EOD')]. The duties of the trustee are quite limited. If the plaintiffs wanted the trustee to have greater duties, they could have negotiated for that. . . . Essentially, the plaintiffs are asking this Court to enforce agreements they wish were in place instead of the contracts they signed.

(Ex. 1 at 6.)

Loan-Specific Actual Knowledge Required for Discovery of Breaches: The court held that an RMBS trustee does not "discover" a breach of a representation and warranty unless (i) the trustee has "actual knowledge, not constructive knowledge"; and (ii) such "knowledge [is] loan-specific, not general—it must be at the level of a particular mortgage loan." (Ex. 2 at ¶¶ 69-70.) According to the court, this arises out of the Second Circuit's decision in *Retirement Bd. of the Policemen's Annuity & Benefit Fund v. Bank of N.Y. Mellon*, 775 F.3d 154, 162 (2d Cir. 2014), and "directly from the agreements: the Trustee is obliged to give notice only of a breach of a representation and warranty that materially and adversely affects the noteholders' interest in '*any Mortgage Loan*,'" and a "trustee cannot provide notice without knowing about a specific breach." (*Id.* at ¶ 71 (emphasis in original).) The court held that "[m]edia reports, poor loan performance, government investigations, and other publicly available information do not provide a basis for discovery of a loan-specific breach." (*Id.* at ¶ 77.) The court's legal rulings support the arguments on pages 20-21 of BNYM's opening brief and pages 9-10 of its reply.

No Knowledge of Any Servicer Breach: The court held the trustee had no knowledge of any material breach by the master servicer. Of relevance to BNYM's motion, the court held that "the Trustee has no duty to monitor the Master Servicer." (Ex. 2 at ¶ 154.) The court further held that "[u]nder the PSAs, the Trustee is permitted to rely on [servicer] statements [of compliance] and cannot be held liable for doing so." (*Id.* at ¶ 153.) The court's legal rulings support the arguments on pages 4-10 of BNYM's opening brief and pages 1-3 of its reply. These rulings also apply to pages 2-7 of BNYM's opposition to plaintiffs' cross-motion.

Plaintiff Cannot Establish a Breach of Contract Relating to Mortgage Files: The court held that "the obligation to repurchase or substitute for loans that are missing mortgage documents falls upon the Seller," and not the trustee. (Ex. 2 at ¶ 132.) The court held that the trustee's duties with respect to mortgage files are limited to issuing certifications and exception reports to the parties identified in the PSAs, and do not include a duty to disclose deficiencies to investors or potential investors. (*See* Ex. 2 at ¶¶ 25-29, 109-114.) The court's legal rulings support the arguments on page 5, note 5, of BNYM's reply.

Honorable Valerie E. Caproni
August 8, 2017
Page 3

   Prevention Doctrine Does Not Apply: The court held that an Event of Default requires written notice to the master servicer of a breach that has a material and adverse effect on certificateholders, and that the "prevention doctrine" does not obviate this requirement. The doctrine does not apply, the court explained, because (i) "no provision of the PSA imposes a duty on the Trustee to send a notice of breach to the Master Servicer"; and (ii) under the Second Circuit's decision in *In re Bankers Trust Co.*, 450 F.3d 121 (2d Cir. 2006), in the absence of such a duty, the plaintiff must show that the trustee "engaged in . . . 'active conduct . . . to frustrate' the occurrence of an Event of Default." (Ex. 2 at ¶¶ 161, 163.) The court further held that there can be no "passive acquiescence" where "investors remained able to notify the Master Servicer themselves." (*Id.* at ¶ 163.) The court's legal rulings support the arguments on pages 9-10 of BNYM's opening brief and pages 6-7 of its reply.

   No Written Notice to the Trustee of an Event of Default: The court held that the trustee did not have post-Event of Default duties because it never received written notice of an Event of Default. The court held that "[a] notice stating that a Master Servicer breach '*will* constitute an Event of Default' if not cured is not a 'written notice' to the Trustee of an Event of Default." (Ex. 2 at ¶ 165 (quoting *Commerce Bank v. Bank of N.Y. Mellon*, 2015 WL 5770467, at *4 (N.Y. Supr. Oct. 2, 2015)) (emphasis in original).) The court further held that "an Event of Default must be trust-specific," such that "[a]n Event of Default notice does not apply to trusts that are not identified by name, even where it alleges widespread problems that could apply to other, unnamed trusts." (*Id.* at ¶ 166.) The court's legal rulings support the arguments on pages 10-14 of BNYM's opening brief and pages 3-8 of its reply. These rulings also apply to pages 2-7 of BNYM's opposition to Plaintiffs' cross-motion.

   No Implied Duties: The court held that an RMBS trustee "is not subject to any implied duties." (Ex. 2 at ¶¶ 19, 45, 49, 162.) The court's holding supports dismissal of plaintiff's implied covenant claims, as set forth on page 3, note 3, of BNYM's opening brief.

   No Fiduciary Duties: The court held that the express terms of the contracts "negate [any] fiduciary duties, at least until an Event of Default occurs under the contracts." (Ex. 2 at ¶ 45; *see also id.* at ¶¶ 45 n.2, 46; Ex. 1 at 6 ("[The trustee] did not have a fiduciary duty to the plaintiffs.").) The court's ruling supports dismissal of plaintiff's fiduciary duty claims, as set forth on page 3, note 1, of BNYM's opening brief and p. 10, note 9, of its reply.

   Economic Loss Doctrine/Negligence/Negligent Misrepresentation: The court held that "New York law bars the recovery of economic losses under a negligence theory." (Ex. 2 at ¶ 51.) The court's holding supports dismissal of plaintiff's tort claims, as set forth on pages 21-23 of BNYM's opening brief and page 10 of its reply.

Honorable Valerie E. Caproni
August 8, 2017
Page 4

Respectfully submitted,

*/s/ Matthew D. Ingber*

Matthew D. Ingber

cc:   Counsel of record (by ECF)