USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/28/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
PHOENIX LIGHT SF LIMITED, et al.,

                              Plaintiffs,

                              -against-

THE BANK OF NEW YORK MELLON, as Trustee,

                              Defendant.
------------------------------------------------------------- X

14-CV-10104 (VEC)

<u>ORDER</u>

VALERIE CAPRONI, United States District Judge:

WHEREAS on February 28, 2020, the Parties participated in a teleconference with the Court; and

WHEREAS the Parties inquired whether they should be prepared to focus on any particular issues at the oral argument scheduled for March 9, 2020;

IT IS HEREBY ORDERED that the Parties should be prepared to discuss the opinions of all twelve experts subject to the motions *in limine*. The Parties may, however, focus their preparation on Plaintiffs' motion to exclude:

- Thomas Lys's opinion that CBASS lacked the ability to repurchase defective loans, including whether it is moot because Plaintiffs do not intend to argue that BNYM should have obligated CBASS to repurchase defective loans;

- Thomas Lys's opinion that Countrywide would not have had the ability to repurchase all defective loans;

- Faten Sabry's opinions, including whether her testimony regarding comparing cumulative default rates in Countrywide trusts to other loan pools that include subprime or negative amortization loans is relevant given the Court's finding that Plaintiff must prove breaches

loan by loan, whether Sabry's testimony about trustee fee rates is relevant, and whether Sabry's analysis of the rate at which loans have been repurchased is relevant and based on a reliable dataset;

- Peter Ross's opinion that the subprime and negative amortization loans in the trusts have different risk profiles compared to the prime loans that are typically held in GSE loan portfolios, including what evidence is in the record suggesting that the different risk profiles translate to different loss profiles (put differently, is there evidence that in addition to being more likely that the loans will default the loans are also more likely to experience greater loss following default than prime or standard amortization loans);

and on Defendant's motion to exclude:

- Richard Bitner's opinions based on Bureau of Labor Statistics data;

- Mark Adelson's opinion that BNYM should have taken independent action to review and demand loan repurchases, and that not doing so was imprudent;

- Mark Adelson's opinion that notices of default would have created market pressure for transaction parties to address the defaults, particularly the factual basis for that opinion;

- Bruce Spencer's statistical calculation of loss severity;

- Bruce Spencer's sampling and extrapolation from unmatched to matched loans;

- Joseph Mason's inclusion of the Countrywide Settlement in his model of losses;

- Joseph Mason's model's timing assumptions.

**SO ORDERED.**

Date: **February 28, 2020**
**New York, New York**

          **VALERIE CAPRONI**
          **United States District Judge**