USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___3/20/2020__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X

PHOENIX LIGHT SF LIMITED, et al., :
:
                    Plaintiffs, :
:
:            14-CV-10104 (VEC)
    -against- :
:            ORDER
THE BANK OF NEW YORK MELLON, as Trustee, :
:
                Defendant. :

------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

On March 9, 2020, the Court held oral argument on the parties' motions *in limine* to exclude expert testimony. The Court ruled orally on the majority of Plaintiffs' motion, but reserved decision on three issues raised in their motion. This Order disposes of those remaining issues.

Plaintiffs' motion to exclude Thomas Lys's testimony that Countrywide would not have had the ability to repurchase all defective loans is denied. Plaintiffs first argue that Lys incorrectly assumes that Countrywide can only be liable as seller. The soundness of Lys's assumptions regarding (1) Countrywide's liability as a seller only, and (2) the time period against which Countrywide's ability to pay should be assessed, go to weight, not admissibility. Plaintiffs also argue that Lys focuses too narrowly on Countrywide's financial condition in one month, and, in his rebuttal report, over a range of ten years, even though New York law allows for a 20-year period to collect a judgment. Lys's assumptions about the relevant period over which to assess Countrywide's finances are, again, a question of weight. Reasonable minds can disagree about the impact that Countrywide's dire finances during a one-month, ten-year, or twenty-year period would have on Plaintiffs' damages.

Plaintiffs' motion to exclude Faten Sabry's testimony that cumulative default rates in the Countrywide Trusts were lower than or on par with similar loans is denied as moot. BNYM has withdrawn this testimony. *See* Letter (Dkt. 333).

Plaintiffs' motion to exclude Sabry's testimony that the trustee fees she estimates BNYM was paid indicate a limited scope of duties relative to servicers is denied in part as moot and denied in part. BNYM has withdrawn Sabry's testimony that the trustee's fee rate suggests that the trustee had limited duties. *See id.* BNYM may introduce Sabry's data on those fees from paragraphs 138 to 141 of her April 26, 2018, report. She may not, however, testify that the fee data is consistent with the limited scope of duties of the trustees relative to the servicers. *See* Oral Arg. Tr. (Mar. 9, 2020) at 199:16–23. The fee data may be introduced to support John Richard's opinion that trustees played a limited role in the RMBS securitizations industry. For that purpose, Sabry's testimony is relevant.

For the foregoing reasons, and for the reasons stated at oral argument on March 9, 2020, Plaintiffs' motion *in limine* (Dkt. 294) is GRANTED in part and DENIED in part.


**SO ORDERED.**

Date: **March 20, 2020**                           **VALERIE CAPRONI**
      **New York, New York**              **United States District Judge**