

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___4/20/2020___

April 17, 2020

<u>VIA ECF</u>

The Honorable Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square, Room 240
New York, New York  10007

Re:     *Phoenix Light SF Ltd., et al. v. The Bank of New York Mellon Corp.*,
        <u>Case No. 14-cv-10104 (S.D.N.Y.)</u>

Dear Judge Caproni:

        The parties write regarding the evidentiary hearing currently scheduled for April 22, 2020.  Plaintiffs seek an adjournment of the April 22 hearing because (i) BNYM intends to submit hearsay testimony from a witness who was not identified in the manner required under Federal Rule of Civil Procedure 26(a), (ii) BNYM has refused to agree a deposition of the witness, and (iii) it is currently impossible to have an in-person evidentiary hearing with live witnesses and documentary evidence due to disruptions caused by the COVID-19 pandemic. BNYM respectfully seeks leave to file a declaration addressing the discrete subject that was the subject of the Court's order.

**Plaintiffs' Position:**

        As the Court is aware, the Court scheduled an evidentiary hearing to address "whether BNYM's 'cure reports' that Plaintiffs' expert Ingrid Beckles and Defendant's expert Peter Ross analyze list document exceptions that have been cured or document exceptions that remain unresolved." ECF No. 325. The evidentiary hearing is currently scheduled for April 22, 2020. It should be adjourned for two reasons: (A) BNYM intends to rely on inadmissible hearsay and, in any event, its proffered witness should be excluded pursuant to Federal Rule of Civil Procedure 37(c)(1) because BNYM failed to disclose the witness in its initial disclosures required under Rule 26(a); and (B) a hearing on April 22, 2020 would not be feasible due to disruptions caused by the COVID-19 pandemic. Plaintiffs have met and conferred with BNYM and proposed a variety of alternatives in an attempt to resolve this dispute, but the parties were unable to reach an agreement.

        **A.  BNYM's proposed witness should not be permitted to testify**

        On February 24, 2020, BNYM notified Plaintiffs that it intends to call Tiffany Vose as a witness at the hearing. Plaintiffs immediately requested that BNYM make Ms. Vose available for a deposition because she had not been previously identified in BNYM's initial disclosures served pursuant to Federal Rule of Civil Procedure 26(a) or otherwise identified as having relevant information. After initially refusing, BNYM's counsel offered to make Ms. Vose available for a deposition in-person, in New York, the day before the evidentiary hearing. Plaintiffs asked the Court to order an earlier deposition during oral argument on March 9, 2020, but the Court declined to do so noting "do your deposition when [s]he's here." 3/9/20 Tr. at 232. Plaintiffs interpreted the Court's statement as recognizing that Plaintiffs were entitled to a deposition under

April 17, 2020
Page 2

the circumstances the day prior to any hearing. To date, BNYM has not agreed to make Ms. Vose available for a deposition. Now it proposes to have Ms. Vose testify through a declaration at the hearing. Such a self-serving declaration would obviously be inadmissible hearsay. In any event, Ms. Vose should not be permitted to testify at all.

Under Federal Rule of Civil Procedure 26(a)(1)(A)(i), BNYM was required to disclose "the name . . . of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses." Tiffany Vose was never disclosed as a party with discoverable information in BNYM's initial disclosure or otherwise during the course of discovery in this action. In fact, when BNYM argued in its *Daubert* brief that the exception reports BNYM produced in February 2018 identified outstanding exceptions rather than exceptions that had been cured, BNYM identified deposition testimony from Mr. Young, not Ms. Vose. ECF No. at 292 at 23.

"If a party fails to provide information or identify a witness as required by Rule 26(a) . . . the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *Patterson v. Balsamico*, 440 F.3d 104, 118 (2d Cir. 2006) (witnesses properly excluded where "[n]o evidence from these witnesses was submitted in connection with the defendants' summary judgment motion"); *Downey v. Adloox Inc.*, 2018 WL 794592, at *1 (S.D.N.Y. Feb. 8, 2018) (excluding witnesses disclosed two months after the close of fact discovery); *see also Webster v. Dollar Gen., Inc.*, 314 F.R.D. 367, 370 -71 (D.N.J. 2016) (similar holding). When determining whether to preclude witnesses from testifying a court should consider: "'(1) the party's explanation for the failure to comply with the [disclosure requirement]; (2) the importance of the testimony of the precluded witness[es]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance.'" (*quoting Softel, Inc. v. Dragon Med. & Scientific Commc'ns, Inc.*, 118 F.3d 955, 961 (2d Cir. 1997).

The only justification BNYM has offered for failing to disclose Ms. Vose as a witness earlier is that Mr. Young left BNYM in February when the Court scheduled the evidentiary hearing. But Mr. Young was never disclosed in BNYM's initial disclosures either.  He was BNYM's 30(b)(6) witness in *another case*; BNYM produced the transcript of Mr. Young's deposition in that other action in this case the day before it filed its Daubert motion. ECF No. 300 at 21-22. BNYM's 30(b)(6) witness in this case was Loretta Lundberg. We have no reason to believe she left BNYM; it appears that she is not being asked to testify because BNYM does not like the testimony she would have to provide. ECF No. 300 at 23 (summarizing and citing deposition testimony of Loretta Lundberg).

Plaintiffs cannot evaluate the importance of Ms. Vose's testimony at this stage because they have never been permitted to depose Ms. Vose. As a result, the third and fourth factors weigh heavily in favor of excluding Ms. Vose as a witness because Plaintiffs would be seriously prejudiced if she was allowed to testify and BNYM has refused to make Ms. Vose available for a

April 17, 2020
Page 3

deposition. If the Court does not exclude Ms. Vose as a witness at some future date, the Court should nevertheless reopen discovery to allow Plaintiffs to depose Ms. Vose.

**B.  The hearing should be adjourned due to disruptions caused by the COVID-19 pandemic**

In the event that the Court does not preclude Ms. Vose's proposed testimony altogether, Plaintiffs request that the Court adjourn the April 22, 2020 conference until after Plaintiffs can depose Ms. Vose and an in-person hearing can be held in the courthouse in civil matters.

It is apparent no in-person hearings are permitted in civil matters next week and for the foreseeable future due to the curtailments to courthouse operations in response to the COVID-19 pandemic. Plaintiffs do not know whether the Court is conducting hearings in civil matters remotely. However, even if some hearings are taking place remotely, it would not be feasible to conduct this hearing remotely, and BNYM has not suggested otherwise during our meet and confer discussions. The main purpose of the hearing is to establish how to read a series of custodial records that are maintained in spreadsheet form. There are significant disputed issues because BNYM's counsel and servicing expert have represented to the Court that these reports show that document exceptions were cured when they clearly were not cured. If BNYM actually has a witness who will testify that the disputed reports show outstanding exceptions for the loans in the at-issue Trusts, that witness will also have to admit that BNYM excluded from such reports every mortgage loan that was foreclosed upon and sold, or otherwise liquidated, prior to February 2018. More than 80% of the loans in the Trusts were liquidated prior to February 2018. And all of the loans for which Plaintiffs are claiming damages were liquidated prior to that time. As a result, the reports could not call into question Ms. Beckles' underlying conclusion that she has not seen any evidence that loans appearing on the final exception reports were subject to cures.

BNYM's proposal to submit a declaration from Ms. Vose is unworkable because BNYM has consistently refused Plaintiffs' requests to depose Ms. Vose during our meet and confer discussions. BNYM has also refused to address in Ms. Vose's declaration basic information including (i) who prepared the reports, (ii) how the reports were prepared, (iii) the date the reports were prepared, (iv) whether or not the reports excluded loans that were liquidated prior to the date the reports were run, and (v) whether BNYM can represent that liquidated loans that were excluded from the reports did not have uncured document exceptions when they were liquidated. Plaintiffs would be severely prejudiced if BNYM was permitted to submit a self-serving declaration without any opportunity to cross-examine the witness on these points.

**BNYM's Position:**

In its February 13, 2020 Order, the Court scheduled a hearing to resolve the issue of "whether BNYM's 'cure reports' that Plaintiffs' expert Ingrid Beckles and Defendant's expert Peter Ross analyze list document exceptions that have been cured or document exceptions that remain unresolved." *Id.* at 1 [ECF No. 325]. In light of the Southern District of New York's

April 17, 2020
Page 4

April 13, 2020 Order (which closed the Thurgood Marshall Courthouse for all matters with the exception of grand jury due to the COVID-19 crisis through May 4, 2020) and the lack of any truly disputed issues that are relevant to the remaining Daubert motion, BNYM respectfully proposes submitting a witness declaration and an attorney declaration next week to obviate the need for an in-person hearing.

BNYM seeks to offer discrete testimony limited to the issue of whether the reports Ms. Beckles and Mr. Ross were exception reports or cure reports, which the Court said at the March 9, 2020 conference was the sole subject that the hearing would cover.  *See* March 9, 2020 Tr. at 230:16-231:2 ("I think the testimony is going to take about 30 seconds.  It's one question: Is this an exception report or a cure report?  And that's it—I should say, unless there are other questions that your Honor had that led you to schedule that hearing.  That's what we understand the hearing is about.  THE COURT: That's what it's about."), 231:3:-231:20, 232:15-233:4, 235:6-236:11 ("MR. FITZGERALD:  It's not clear, your Honor.  And there's some back-and-forth that one needs to analyze or review.  But the main point is, that email does not disclose that they are excluding liquidating and paid-off loans.  That's what the real problem is.  And if we had gotten— THE COURT:  It's not the real problem for purposes of the Daubert issue.  That's nowhere in the Daubert issue.  MR. FITZGERALD:  I think it is, your Honor.  THE COURT:  Well, it's not.").  We have met and conferred with Plaintiffs, but while they agreed in principle that a declaration could eliminate the need for a hearing, they insisted on including extraneous topics in the declaration.

If the Court decides that an adjourned hearing is necessary, then BNYM defers to the Court's instruction as to whether a deposition should occur is necessary.  BNYM proposed a short one- to two-hour deposition in New York the day before the evidentiary hearing as a compromise, which plaintiffs did not accept.  We understood that on March 9, the Court determined that a deposition was unnecessary.  Tr. at 232:4-7 ("THE COURT: … And, frankly, it's a bench hearing, so do your deposition when he's here.  You're not going to get a deposition in advance unless you want to agree that Beckles has it wrong.").

Plaintiffs oppose a declaration from the BNYM witness on the ground that BNYM did not identify her in its initial disclosures.  But of course BNYM did not identify a witness whose only testimony would be to rebut false assumptions that plaintiffs' counsel inexplicably chose to feed their experts.  Plaintiffs' complaints should not distract from the fact that BNYM explicitly told them that the exception reports were not cure reports, plaintiffs' counsel told Beckles to assume the exact opposite, and *they* have no way of substantiating *her* foundational assumption.  It is not BNYM's burden to identify a previously-disclosed witness merely to rebut that error.  Plaintiffs seem determined to create chaos by insisting that a witness testify about issues that the Court repeatedly has said are irrelevant, or that a prior 30(b)(6) representative, who does not work in Document Custody, testify about the reports and inventory system.  Especially under the current circumstances, there is no reason to indulge that demand.

April 17, 2020
Page 5


/s/ Steven S. Fitzgerald                                   /s/ Christopher J. Houpt
WOLLMUTH MAHER & DEUTSCH LLP          MAYER BROWN LLP
*Attorneys for Plaintiffs*                                    *Attorneys for BNYM*

cc: Counsel of Record (via ECF)


IT IS HEREBY ORDERED that the hearing scheduled for April 22, 2020, is adjourned to **June 29, 2020, at 2:00 p.m.**

BNYM's request for leave to file a declaration is denied.

Plaintiffs' motion to exclude Ms. Vose is denied.

Plaintiffs' request to reopen discovery is granted.  Plaintiffs may depose Ms. Vose for up to two hours via teleconference or videoconference.  The parties must schedule the deposition for a mutually-agreeable time before June 1, 2020.  If the deposition or good faith discussions between the parties obviate the need for a hearing, the parties must notify the Court.


SO ORDERED.

4/20/2020

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE