USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/28/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
PHOENIX LIGHT SF LIMITED, et al.,                :
                                                 :
                               Plaintiffs,       :        14-CV-10104 (VEC)
                                                 :
         -against-                               :        ORDER
                                                 :
THE BANK OF NEW YORK MELLON, as Trustee,         :
                                                 :
                               Defendant.        :
------------------------------------------------------------------ X

VALERIE CAPRONI, United States District Judge:

Defendant Bank of New York Mellon ("BNYM") moves for reconsideration of one aspect of this Court's March 20, 2020, Opinion and Order (the "Order") (Dkt. 337) denying in part and granting in part BNYM's omnibus *Daubert* motion. In particular, BNYM asks this Court to reconsider its holding that Joseph Mason's damages calculation is admissible, arguing that the Court misunderstood how Mason's model accounted for the Countrywide Settlement from 2011. For the following reasons, BNYM's motion is GRANTED.

A party may obtain relief on a motion for reconsideration "only when the [party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (quotation omitted). "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked— matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

In the Order, the Court described Mason's treatment of the Countrywide Settlement as follows:

> Mason's model subtracts the Countrywide Settlement proceeds from the losses that Plaintiffs would have avoided had the loans subject to the settlement been repurchased instead of liquidated, offsetting the settlement's recovery from Plaintiffs' total damages. In other words, Plaintiffs recover the delta between the losses avoided in Mason's "but-for" world and the recovery Plaintiffs received from the settlement.

Order at 26. On its motion for reconsideration, BNYM argues that "[t]he 'delta' that Mason actually calculated was the difference between Plaintiffs' recoveries in (a) the hypothetical 'but-for' world, in which the trusts received repurchase proceeds (defined as the full loss incurred on each loan) *and also* the full settlement payment, and (b) the 'real world,' in which the trusts received only the settlement payment." BNYM's Mot. Reconsideration (Dkt. 340) at 1.[1] In other words, Mason purportedly included the settlement payments on both sides of the ledger.

The briefs in this motion are long on attorney say-so and short on actual record evidence from expert reports, depositions, or other documents. BNYM's only evidence is a vague answer from Mason's deposition:

> Q. Okay. And the—the settlement proceeds continue to flow through to investors in the but-for world?
>
> A. Those settlement payments are not removed from my model.

*Id.* at 1. Nonetheless, Plaintiffs do not dispute BNYM's description of Mason's model.

BNYM provides two helpful formulas to crystallize the issue. First: *(Repurchase Proceeds in a but-for world) - (Settlement Payment actually received) = Damages*. That

---

[1] BNYM also suggests that the Court may have misunderstood that the Countrywide Settlement did not require loan repurchases but rather provided for cash payments to trusts. BNYM's Mot. Reconsideration at 2. The Court understood this correctly; the Order's reference to "the loans subject to the settlement" merely delineates between loans in the trusts that were allocated proceeds from the settlement from those in trusts that were not.

formula reflects the Court's prior understanding of Mason's treatment of the Countrywide Settlement. By contrast, BNYM argues that Mason's treatment of the settlement is actually captured by the formula: *(Settlement Payment actually received + Repurchase Proceeds in a but-for world) - Settlement Payment actually received = Damages*. Mason's model, under that formula, cancels out the settlement, thereby ignoring the settlement payments when calculating Plaintiffs' damages.

Plaintiffs do not dispute BNYM's representation of Mason's model; they assert only that "[b]y including settlement payments in the 'actual' experience, the losses that could have been avoided in Mason's model are reduced." Pls.' Opp'n Mot. Reconsideration (Dkt. 344) at 2. That assertion, like Mason's calculation as represented by the second formula, misses the mark by half. Had Mason not included the settlement payments in the actual experience, damages would of course be greater; but Mason must not only include those payments in the actual experience, he must also omit them from the but-for experience.[2] Otherwise, his calculation suffers from the absurd assumption that the trusts would have received proceeds from both (a) loan repurchases and (b) a settlement of claims premised on failures to repurchase. *See Zerega Ave. Realty Corp. v. Hornbeck Offshore Transp., LLC*, 571 F.3d 206, 214 (2d Cir. 2009) ("[A] trial judge should exclude expert testimony if it is speculative or conjectural or based on assumptions that are so unrealistic and contradictory as to suggest bad faith or to be in essence an apples and oranges

---

[2] Plaintiffs' silence on this point is also now apparent in their original opposition to BNYM's *Daubert* motion. *See* Pls.' Opp'n *Daubert* Mot. (Dkt. 300) at 29–32.

comparison."). As a result of this assumption, Mason's calculation of Plaintiffs' damages is not grounded in reality.

BNYM's rebuttal expert Faten Sabry appears to have made the necessary adjustment to Mason's model by removing the settlement payment allocations to each trust from the but-for experience. *See* Rebuttal Expert Report of Faten Sabry, Ph. D. (Houpt Decl. Ex. 9) (Dkt. 293-9) ¶ 42. In her "second scenario to correct for [Mason's] double counting," she adopted Mason's assumptions that (1) "the Trustee would have forced Countrywide to repurchase 100% of the allegedly defective loans that were liquidated as of January 2018," and (2) "the investors would have received the additional cash-flows from the repurchase proceeds" as "Plaintiffs' claims would have been resolved in the but-for world." *Id.* But, unlike Mason, she assumed "there would be no further proceeds from the Countrywide Settlement." *Id.* Adopting that entirely reasonable assumption, according to Sabry, reduces Mason's damages calculation by 29.2%. *Id.*

To be clear, the model's reliability is not in question; the problem is that one of its assumptions has corrupted its output beyond reason. In the Order, the Court held that it was valid for Mason to simulate repurchase proceeds on loans in the at-issue trusts regardless of whether those trusts were part of the Countrywide Settlement. That holding is not in question here, and the Court sees no reason to disturb it. Rather, the issue highlighted here is that Mason had settlement proceeds flowing to the trusts in both his but-for and actual scenarios. The Court overlooked that fact in reaching its original decision to deny BNYM's motion to exclude Mason's opinion.

The Court therefore grants BNYM the following relief. Mason's damages calculation—insofar as it has not removed the settlement payments from his model's but-for world—is excluded. The parties are ordered to provide letter briefs of not more than five (5) pages each

whether Mason should be permitted to amend his report to present a damages opinion that equals Repurchase Proceeds minus the Settlement Payment (in other words, consistent with the Court's original understanding of his report).  The Plaintiffs' letter brief must be filed on or before **June 8, 2020**; Defendant's response must be filed on or before **June 18, 2020**.  Plaintiffs may file a reply of not more than two (2) pages not later than **June 22, 2020**.

**SO ORDERED.**

Date:  May 28, 2020
New York, New York

                                                                              **VALERIE CAPRONI**
                                                                              **United States District Judge**