```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
PHOENIX LIGHT SF LIMITED, et al.,                  :
                                                   :
                              Plaintiffs,          :      14-CV-10104 (VEC)
                                                   :
                  -against-                        :      ORDER
                                                   :
THE BANK OF NEW YORK MELLON, as Trustee,           :
                                                   :
                              Defendant.           :
------------------------------------------------------------------ X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/3/2020

VALERIE CAPRONI, United States District Judge:

On April 13, 2020, the Court ordered Defendant Bank of New York Mellon ("BNYM") to show cause why it has not waived its argument that Plaintiffs' receipt of claims from the indenture trustee was champertous. (Dkt. 341). Both parties have submitted letter briefs on the issue. (Dkts. 345, 348). BNYM, in its Answer dated January 10, 2017 (Dkt. 157), pled that Plaintiffs lack standing, but it did not plead its current champerty theory. Because champerty is an affirmative defense distinct from standing, the Court finds that it has been waived. The Court also will not allow BNYM to amend its answer, as the parties have already completed discovery, a summary judgment motion, and *Daubert* motions.[1]

That the indenture trustee assignments are allegedly void because they are champertous is, according to BNYM, "simply a reason that [Plaintiffs] lack standing, not a separate defense." Def.'s Letter (Dkt. 345) at 1. Thus, it argues, the defense was not waived, nor could it have been in light of standing's no-waiver rule. *Id* at 1–2. Even assuming *arguendo* that voiding the

---

[1] The Court further clarifies, at BNYM's request, that its April 13, 2020, Order, insofar as it granted BNYM leave to file a second motion for summary judgment, gave BNYM leave to move on the (i) the duty to enforce issue, (ii) the Regulation AB *and* Indenture Act claims, and (iii) the Baupost letters issue.

assignment to Plaintiffs would mean that Plaintiffs lack standing,[2] standing and champerty are conceptually and doctrinally distinct, and the rationale for standing's no-waiver rule does not apply to a champerty defense.

A party's standing to sue is "at heart a jurisdictional prerequisite to a federal court's deliberations."[3] *Thompson v. Cty. of Franklin*, 15 F.3d 245, 248 (2d Cir. 1994) (quotation omitted). It derives from Article III's limitation that federal courts can only decide "cases" or "controversies." *Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 273 (2008). This unassailable requirement "prevents courts of law from undertaking tasks assigned to the political branches." *Lewis v. Casey*, 518 U.S. 343, 349 (1996). Because the doctrine enforces institutional limitations, an absence of standing, as with defects in a court's subject-matter jurisdiction in general, cannot be waived, and courts must independently police potential defects. *Id.* at 349 n.1; *see Thompson*, 15 F.3d at 248 ("Our obligation, moreover, extends to the prudential rules of standing that, apart from Art. III's minimum requirements, serve to limit the role of the courts in resolving public disputes, and, thus, constitute self-imposed limitations on our jurisdiction." (quotations omitted)). Further, the party invoking the court's jurisdiction—typically the plaintiff—carries the burden of demonstrating the elements of standing. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).

---

[2] There appears to be conflicting precedent on this issue. *Compare Phoenix Light SF Ltd. v. U.S. Bank N.A.*, No. 14-CV-10116, 2020 WL 1285783, at *16 (S.D.N.Y Mar. 18, 2020) (voiding as champertous assignments from a CDO indenture trustee and finding that the plaintiffs therefore lacked prudential and Article III standing) *with House of Europe Funding I Ltd. v. Wells Fargo Bank, N.A.*, No. 13-CV-519, 2015 WL 5190432, at *7 (S.D.N.Y. Sept. 4, 2015) (holding that CDO issuer's assignment of claims to an indenture trustee did not raise an Article III issue, only a "real party in interest" standing issue).

[3] The Court's use of "standing" refers to both constitutional and prudential standing. In this Circuit, prudential standing remains a non-waivable, jurisdictional requirement. *Thompson v. Cty. of Franklin*, 15 F.3d 245, 248 (2d Cir. 1994); *see also Lewis v. Alexander*, 685 F.3d 325, 340 n.14 (3d Cir. 2012) (discussing a circuit split on the issue of prudential standing's waivability).

Champerty, by contrast, does not seek to enforce the institutional limitations on federal courts that lie behind the no-waiver rule. It is an ancient common law doctrine, now codified in N.Y. Judiciary Law § 489, that implements an altogether different set of policies. The doctrine was developed "to prevent or curtail the commercialization of or trading in litigation." *Bluebird Partners v. First Fid. Bank*, 94 N.Y.2d 726, 729 (2000). Likewise, "the champerty statutes are directed at preventing the strife, discord and harassment that would be likely to ensue from permitting attorneys and corporations to purchase claims for the purpose of bringing actions thereon." *Tr. for the Certificate Holders of Merrill Lynch Mortg. Inv'rs, Inc. v. Love Funding Corp.*, 13 N.Y.3d 190, 199 (2009) (quotation omitted). Champerty thus concerns a party's motivations behind entering a transaction, and, unlike standing, is an affirmative defense that the party asserting has the burden to prove. *Bluebird Partners*, 94 N.Y.2d at 735–36; *Justinian Capital SPC v. WestLB AG*, 28 N.Y.3d 160, 172 (2016) (Stein, J., dissenting); *Phoenix Light SF Ltd. v. U.S. Bank Nat'l Ass'n*, No. 14-CV-10116, 2020 WL 1285783, at *11 (S.D.N.Y. Mar. 18, 2020) (citing *Tr. for Certificate Holders of Merrill Lynch Mortg. Inv'rs, Inc. v. Love Funding Corp.*, 591 F.3d 116, 119 (2d Cir. 2010)).

Of course, BNYM is free to argue that the assignment to Plaintiffs did not confer standing or that Plaintiffs otherwise lack standing. *See, e.g.*, *Cortlandt St. Recovery Corp. v. Hellas Telecomms.*, 790 F.3d 411, 420 (2d Cir. 2015) ("Our caselaw confirms that a purported assignee of a claim must plead a proprietary interest in that claim, and not simply the ability to pursue the claim on behalf of another, to bring the claim in his or her own name and satisfy the requirements of constitutional standing."). But BNYM cannot successfully bootstrap from that principle its position that a champerty defense is not waivable; champerty is an affirmative defense that must be pled or is waived, as BNYM's lead case acknowledges. *See LNC Invs., Inc.*

3

*v. First Fid. Bank*, No. 92-CV-7584, 2000 WL 375236, at *1–2 (S.D.N.Y. Apr. 11, 2000) (stating that "the defense of champerty" falls under Fed. R. Civ. P. 8(c) and holding that the defense was preserved because a co-defendant "based its initial lack of standing defense on the assertion that the claims Plaintiffs assert 'are not assignable'"); *see also Travellers Int'l, A.G. v. Trans World Airlines*, 41 F.3d 1570, 1580 (2d Cir. 1994); *SCR Joint Venture, L.P v. Warshawsky*, No. 06-CV-3532, 2007 WL 9710547, at *6 (E.D.N.Y. June 6, 2007), *aff'd in part, vacated in part on other grounds*, 559 F.3d 133 (2d Cir. 2009) (deeming champerty waived). The district court in *U.S. Bank*, 2020 WL 1285783, at *8—upon which BNYM intends primarily to rely to argue that the assignment here was champertous—did not hold differently; champerty had been pled in that case alongside lack-of-standing. *See Phoenix Light SF Ltd. v. U.S. Bank Nat'l Ass'n*, No. 14-CV-10116, 2016 WL 1169515, at *7 (S.D.N.Y. Mar. 22, 2016) ("[The defendants] argue [on their motion to dismiss] that the 2015 assignments violate the prohibition on champerty because they were made for the sole purpose of allowing plaintiffs to pursue claims.").

Although champerty and standing are, in some circumstances at least, interrelated,[4] the Court sees no valid reason to extend standing's no-waiver rule to the affirmative defense of

---

[4] *See, e.g.*, *Sprint Commc'ns*, 554 U.S. at 271 (describing that an assignment purports to transfer ownership of a claim to the assignee, giving it standing to assert those rights and to sue on its own behalf); *Riffin v. Consol. Rail Corp.*, 783 F. App'x 246, 248 (3d Cir. 2019) ("[B]ecause we conclude that the assignment to Riffin is invalid, he lacks standing.").

champerty, or to deem it preserved by BNYM's answer when that answer did not put Plaintiffs on notice that BNYM would, four years later, challenge the assignment of claims.

**SO ORDERED.**

**Date:  June 3, 2020**                                           **VALERIE CAPRONI**
      **New York, New York**                          **United States District Judge**