**MAYER | BROWN**

Mayer Brown LLP
1221 Avenue of the Americas
New York, NY 10020-1001
United States of America

T: +1 212 506 2500
F: +1 212 262 1910

mayerbrown.com

**Matthew D. Ingber**
Partner
T: +1 212 506 2373
F: +1 212 849 5973
mingber@mayerbrown.com

June 16, 2020

**VIA ECF**

The Honorable Valerie E. Caproni
United States District Court for the
Southern District of New York
40 Foley Square, Room 240
New York, NY 10007

Re:   *Phoenix Light SF Ltd., et al. v. The Bank of New York Mellon Corp.*, No. 14-cv-10104 (S.D.N.Y.)

Dear Judge Caproni:

We write on behalf of Defendant The Bank of New York Mellon ("BNYM") in response to Plaintiffs' June 10, 2020 letter to Your Honor (ECF 361), requesting that BNYM's motion to declare the testimony of Plaintiffs' expert Ingrid Beckles as inadmissible be denied.

Plaintiffs now concede that Ms. Beckles misinterpreted the reports produced on February 7, 2018 by BNYM (the "February 2018 Reports") as "cure reports," when in fact they showed exceptions that were *not* cured.  *See* ECF 361 at 2 ("It turns out that the February Reports did not purport to show loans for which exceptions had been cured.").  Plaintiffs insist, however, on assigning "fault for the misunderstanding" on BNYM's counsel, alleging that BNYM's counsel misled Plaintiffs to believe that BNYM had produced "cure reports" and not exception reports. *See* ECF 361 at 1 n.1.  Plaintiffs are wrong.  BNYM has never represented that the February 2018 Reports were anything other than exception reports.  As BNYM's counsel said during the March 9, 2020 hearing, BNYM wrote to Plaintiffs' counsel on January 26, 2018, stating that:

> Today I received confirmation that BNYM is able to generate a report for each of the 14 trusts.  As I explained previously, each report will contain information that relates to the **status of document exceptions** as of the date the report is generated.  Our offer to produce 1 such report for each of the 14 trusts still stands and BNYM has undertaken a significant amount of time to determine that it is able to generate these reports.
>
> Plaintiffs have now substantially expanded their (untimely) request by asking that BNYM generate 42 additional reports.  That is not

Mayer Brown is a global services provider comprising an association of legal practices that are separate entities including
Mayer Brown LLP (Illinois, USA), Mayer Brown International LLP (England), Mayer Brown (a Hong Kong partnership)
and Tauil & Chequer Advogados (a Brazilian partnership).

The Honorable Valerie E. Caproni
June 16, 2020
Page 2

> possible. As we explained to you when you made the same request in *Western & Southern*, **BNYM's system cannot generate a report that lists cure dates for all exceptions in a trust or a retrospective exception report "as of" a date in the past.** Moreover, plaintiffs' expanded request is untimely, as fact discovery essentially closed more than a year ago. And plaintiffs did not raise this expanded request before Judge Caproni during the last conference.

January 26, 2018 email from James Ancone to Marissa Dioguardi (emphases added) (attached hereto as Exhibit A); *see also* March 9, 2020 Hearing Tr. 235:14-25.[1] Thus, BNYM explicitly told Plaintiffs over two years ago that the February 2018 Reports were exception reports. We do not know why they told Beckles the opposite.

Plaintiffs further claim that "Defendant cannot argue that Ms. Beckles should have used the February Reports to identify cured exceptions." ECF 361 at 3. That is correct—for active loans, the reports identify cured exceptions only by omission (*i.e.*, cured exceptions are absent from the report), and for liquidated loans, the reports do not say anything. Thus, without a "cure report," which Plaintiffs knew could not be generated, Ms. Beckles has no basis for assuming that every loan not on the report must have been liquidated with outstanding exceptions. As the Court noted at the March 9, 2020 hearing, it was never BNYM's burden to offer a tutorial on the interpretation of these documents. *See* March 9, 2020 Hearing Tr. at 234:1-9, 17-19 ("THE COURT: They're not arguing that they produced the documents. Beckles is arguing that this report proves that X number of exception reports remain uncured as of 2018 or whenever the report was run. And their rebuttal expert says, poppycock, you're not reading it correctly. You did not then get on the phone to me and say, Judge, this isn't right, this isn't fair, they misled us, they didn't answer our discovery demand. This is the first I've heard of this problem. . . . But you didn't ask me to order them to produce a witness for you on that. You are both competent counsel.").

BNYM respectfully submits that our earlier letter of June 2, 2020 concerning the May 27, 2020 deposition testimony of Ms. Tiffany Vose, a current BNYM employee, obviated the need for an evidentiary hearing on the issue of "whether BNYM's 'cure report' that Plaintiffs' expert Ingrid Beckles and Defendant's expert Peter Ross analyze list document exceptions that have been cured or document exceptions that remain unresolved." ECF 325 at 1. BNYM did not read the Court's orders, dated February 13, 2020 (ECF 325) and April 20, 2020 (ECF 347), as an invitation to re-argue the merits of the parties' *Daubert* briefing, and accordingly we have not responded to Plaintiffs' elaborate attempt to reconstruct Ms. Beckles' report. The Court ordered a hearing on a single factual issue, which both parties agree has been resolved by Ms. Vose's deposition

---

[1] In footnote 2 of their June 10 letter, Plaintiffs also stated that the production cover letter for the reports did not identify the contents of the reports. While we misspoke on p. 231 of the March 9 transcript by referring to the contents of the production letter, we later clarified that the quoted letter was not the production cover, but a letter following a meet-and-confer. March 9 Tr. 235:14-16.

The Honorable Valerie E. Caproni
June 16, 2020
Page 3

testimony.  *See* ECF 361 at 1 ("Plaintiffs agree that no hearing is necessary to resolve issues of fact, which have been resolved by the recent deposition testimony of BNYM employee Tiffany Vose.").

      We appreciate the Court's consideration of this matter.[2]

                      Respectfully,

                      */s/ Matthew D. Ingber*
                      Matthew D. Ingber

cc:      Counsel of Record (via ECF)

---

[2]  Should the Court find Ms. Vose's deposition testimony inadequate and still prefer that the June 29 evidentiary hearing proceed, BNYM respectfully requests that Ms. Vose testify via videoconference instead of in person.  Due to Covid and the fact that Ms. Vose lives in Texas, travel to New York will be difficult.