USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/24/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
PHOENIX LIGHT SF LIMITED, et al.,  :
:
                        Plaintiffs,  :
:
:         14-CV-10104 (VEC)
           -against-  :
:         <u>ORDER</u>
THE BANK OF NEW YORK MELLON, as Trustee,  :
:
                       Defendant.  :
------------------------------------------------------------------ X

VALERIE CAPRONI, United States District Judge:

      WHEREAS on June 28, 2019, Defendant filed a *Daubert* motion to, *inter alia*, exclude expert testimony from Plaintiffs' expert Ingrid Beckles (Dkt. 291);

      WHEREAS Defendant's motion argued that Ms. Beckles misread Defendant's "cure" reports as listing loans with document exceptions that had been corrected rather than loans with document exceptions that remained uncorrected, *see* Def.'s Mem. of Law (Dkt. 292) at 23;

      WHEREAS the Court scheduled a hearing for June 29, 2020, on the factual issue of whether the reports on which Beckles relied listed loans with cured or uncured exceptions (Dkts. 325, 347);

      WHEREAS the Court granted Plaintiffs' request to depose Defendant's witness, Tiffany Vose, prior to the June 29 hearing (Dkt. 347);

      WHEREAS Plaintiffs deposed Ms. Vose on May 27, 2020, *see* Tr. (Dkt. 353-1); and

      WHEREAS Plaintiffs and Defendant agree that the June 29 hearing is not necessary because the Vose deposition conclusively resolves the factual issue (Dkts. 353, 361);

IT IS HEREBY ORDERED that Defendant's motion to exclude Ms. Beckles's opinion that 18,939 loans had document exceptions that were never corrected, *see* Revised Beckles Report (Dkt. 293-14) ¶ 132 & fig. 1 col. G, is GRANTED.

Beckles's opinion relies on the erroneous assumption that the "cure" reports listed loans for which previously noted document exceptions had been cured. Plaintiffs argue that this error does not disturb Beckles's opinion for two reasons. First, the Vose deposition also establishes that the "cure" reports, because they were incomplete, do not show whether the loans with exceptions listed in the final exceptions report ever had the exceptions corrected. Pls.' Letter (Dkt. 361) at 2–3. As a result, Beckles's 18,939 loans figure would have been higher had she not subtracted the loans listed in the "cure" reports—a bias, in other words, favoring Defendant. *Id.* Second, Beckles can still say that she has seen no evidence of cured exceptions. *Id.* at 4; Beckles Decl. (Dkt. 361-1) ¶ 7.

Both arguments ignore her expert report and improperly shift the burden to Defendant to prove the negative of her opinion. Beckles contends that 18,939 loans have outstanding document exceptions because "cure" reports from February 29, 2018, showed that only a small number of exceptions previously identified had been corrected. Revised Beckles Report ¶¶ 129, 132 & fig. 1[G]. She thus infers that loans that had been previously identified as having document exceptions that were not listed on the "cure" reports continued to have document exceptions. *Id.* Accordingly, her report describes her finding as the "[c]ount of loans, for which at least one material exception *remained* uncured, *as evidenced by its omission from the cure report*" and refers to "loans with Document Exceptions [that] were *never corrected* (or *left 'uncured'*)." *Id.* ¶ 132 & fig. 1[G] (emphasis added). Defendant does not have to show that document exceptions were corrected to prevail on its *Daubert* motion. "[T]he proponent of expert testimony has the burden of establishing by a preponderance of the evidence that the

admissibility requirements of Rule 702 are satisfied," and this Court must act as the "ultimate gatekeeper."  *United States v. Williams*, 506 F.3d 151, 160 (2d Cir. 2007) (citations omitted).  With no evidence that the loans with previously identified exceptions had not been corrected, Beckles has no basis to make that assertion.  Her opinion must, therefore, be excluded because it rests on a faulty premise.  *See Amorgianos v. Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 265 (2d Cir. 2002).

   IT IS FURTHER ORDERED that the June 29, 2020, hearing is canceled.


**SO ORDERED.**

Date:  June 24, 2020
   New York, New York

          **VALERIE CAPRONI**
          **United States District Judge**