# MAYER | BROWN

Mayer Brown LLP
1221 Avenue of the Americas
New York, NY 10020-1001
United States of America

T: +1 212 506 2500
F: +1 212 262 1910

mayerbrown.com

**Matthew D. Ingber**
Partner
T: +1 212 506 2373
F: +1 212 849 5973
mingber@mayerbrown.com

July 9, 2020

**VIA ECF**

The Honorable Valerie E. Caproni
United States District Court for the
Southern District of New York
40 Foley Square, Room 240
New York, NY 10007

Re:    *Phoenix Light SF Ltd., et al. v. The Bank of New
York Mellon Corp.*, No. 14-cv-10104 (S.D.N.Y.)

Dear Judge Caproni:

We represent Defendant The Bank of New York Mellon ("BNYM").  In its June 3, 2020 Order (ECF No. 354) (the "Order"), the Court, while finding that BNYM waived its right to assert a champerty defense, also noted that "BNYM is free to argue that the assignment [of claims to Plaintiffs] did not confer standing or that Plaintiffs otherwise lack standing."  ECF No. 354 at 3; *see also Thompson v. County of Franklin*, 15 F.3d 245, 248 (2d Cir. 1994) (holding that both Article III and prudential standing are jurisdictional issues that can never be waived).  Apart from champerty, Plaintiffs do in fact lack standing because, before commencing this action, they assigned to the CDO trustees all their rights to the underlying RMBS securities.  They then sought to reverse those assignments by directing the CDO trustees to assign the claims back to Plaintiffs through the assignments considered in the Order.  Thus, even if those subsequent assignments back were not champertous, Plaintiffs lacked standing to bring this action because standing is assessed at the time the complaint is filed.  BNYM respectfully requests that it be permitted to file a seven-page supplemental brief on this issue and also to raise the affirmative defense of collateral estoppel at summary judgment.

**Plaintiffs Lacked Standing at the Outset of This Litigation**

It is undisputed that Plaintiffs entered into various CDO indenture and trust agreements in 2003 through 2008.  The granting clauses of each of these agreements assigned full legal title to various CDO Trustees.[1]  Therefore, when Plaintiffs filed this case on December 24, 2014, they did

---

[1] The "CDO Indenture Trustees" include: (i) Deutsche Bank Trust Company Americas ("Deutsche Bank") for the Kleros Preferred Funding V PLC and Silver Elms CDO PLC Indentures; (ii) The Bank of New York Mellon Trust Company, N.A. ("BNYM Trust") for Blue Heron Funding V

Mayer Brown is a global services provider comprising an association of legal practices that are separate entities including
Mayer Brown LLP (Illinois, USA), Mayer Brown International LLP (England), Mayer Brown (a Hong Kong partnership)
and Tauil & Chequer Advogados (a Brazilian partnership).

The Honorable Valerie E. Caproni
July 9, 2020
Page 2

not have standing.  Both the Second Circuit and courts in this District have interpreted nearly identical granting clauses as assigning away the issuer's right to bring lawsuits, thereby depriving the issuer of standing to sue trustees of the underlying RMBS collateral.  *See, e.g.*, *Triaxx Prime CDO 2006-1 v. Bank of N.Y. Mellon*, 2017 WL 1103033, at *3 (S.D.N.Y. Mar. 21, 2017) (reviewing "almost identical indenture language" as the indenture and trust agreements at issue here and determining that plaintiff lacked standing because it granted all of its right to sue to the CDO trustee), *aff'd sub nom. Triaxx Prime CDO 2006-1 v. U.S. Bank, N.A.*, 741 F. App'x. 857 (2d Cir. 2018); *see also Triaxx Prime CDO 2006-1 v. Ocwen Loan Servicing*, 762 F. App'x. 601, 606 (11th Cir. 2019) (interpreting same language and confirming that plaintiffs "did not retain a certificateholder's right to sue the RMBS Trustees under the PSAs.").

In fact, in other cases brought by Phoenix Light, two different judges have interpreted the very same CDO indenture and trust agreements as depriving these same Plaintiffs of standing. *See, e.g.*, *Phoenix Light SF Ltd. v. U.S. Bank, N.A.*, 2015 WL 2359358, at *2 (S.D.N.Y. May 18, 2015) (Forrest, J.) (hereinafter *U.S. Bank I*) ("plaintiffs are contractually barred from directly asserting claims as to the certificates at issue in this action, and . . . such claims belong to the indenture trustees"); *Phoenix Light SF Ltd. v. U.S. Bank, N.A.*, 2020 WL 1285783, at *13 (Broderick, J.) (S.D.N.Y. Mar. 18, 2020) (plaintiffs "assigned title to the underlying RMBS certificates—and all associated litigation rights—to the CDO Indenture Trustees").

Plaintiffs essentially conceded this point, having previously sought assignment *back* of these rights days before filing the initial complaint.  *See U.S. Bank I*, 2015 WL 2359358, at *3 (quoting December 12, 2014 letters from Plaintiffs to CDO Trustees saying "'we write to set forth . . . why, as Indenture Trustee for the CDOs, [you] . . . [should] step aside and assign to our client the right to commence litigation on behalf of the CDOs against the trustees . . . of certain residential mortgage-backed security . . . trusts that issued certificates purchased by the CDOs.'"). As Judge Forrest noted, "[t]his letter suggests that plaintiffs themselves hold the view that the right to commence suit resides with the indenture trustees—and that only by way of assignment (which is not alleged to have occurred) would it vest in Plaintiffs."  *Id.*  While Plaintiffs appear to have recognized the problem and *sought* assignments before filing, they filed the complaint in this action before having *received* those assignments.

The post-filing assignments cannot retroactively confer subject-matter jurisdiction.  In this Circuit, when assessing standing, a court "'must look to the facts and circumstances as they existed at the time [the] suit was initiated.'"  *S'holder Rep. Servs. LLC v. Sandoz, Inc.*, 2013 WL 4015901, at *6 (S.D.N.Y. Aug. 7, 2013) (quoting *Etuk v. Slattery*, 936 F.2d 1433, 1440-41 (2d Cir. 1991)).  Thus, a "post-filing receipt of assignments does not cure the standing defect that existed when th[e] action commenced."  *Id.* at *7; *see also Clarex Ltd. v. Natixis Sec. Am. LLC*, 2012 WL

_____

Ltd., Blue Heron Funding VI Ltd., C-BASS CBO XVII Ltd., and C-BASS CBO XIV Ltd. CDO Indentures; and (iii) Wells Fargo Bank, N.A. ("Wells Fargo") for the Silver Elms CDO II Ltd. and Blue Heron Funding VII Ltd. CDO Indentures.  *See Phoenix Light SF Ltd. v. U.S. Bank, N.A.*, 2016 WL 1169515, at *3 (S.D.N.Y. Mar. 22, 2016).

The Honorable Valerie E. Caproni
July 9, 2020
Page 3

4849146, at \*4, \*8 (S.D.N.Y. Oct. 12, 2012) ("courts cannot consider any amendments to the initial complaint or any post-filing assignments to plaintiffs to determine whether plaintiffs have standing"; "plaintiffs cannot strike a business deal midway through a litigation to reshuffle their respective rights, as a means of manufacturing standing where it was lacking entirely at the case's outset."); *In re SLM Corp. Sec. Litig.*, 258 F.R.D. 112, 116 (S.D.N.Y. 2009) (holding that a post-complaint assignment did not confer standing on lead plaintiff that had none at the outset of the litigation).

Nor can Federal Rule of Civil Procedure 17(a) confer standing. Rule 17(a), as a mere rule, cannot confer jurisdiction. *See S'holder Rep. Servs., LLC*, 2013 WL 4015901, at \*8 ("Rule 17(a), like all rules prescribed by the Supreme Court, may not abridge, enlarge, or otherwise modify substantive rights . . . . It therefore cannot provide an independent basis for standing."). In the Second Circuit, courts may allow an amendment, joinder, or ratification after the original complaint is filed, but only if the plaintiff already had standing on at least one of its claims. *See, e.g.*, *Valdin Invs. Corp. v. Oxbridge Capital Mgmt., LLC*, 651 F. App'x. 5, 7 (2d Cir. 2016) ("Ordinarily, we would permit the real party in interest to ratify, join, or be substituted into the action pursuant to Rule 17(a)(3) of the Federal Rules of Civil Procedure. Here, however, Valdin, the sole plaintiff, lacked standing on all of its claims. Its motion was therefore 'a nullity' from the beginning, so that there is 'no lawsuit pending for the real party in interest to 'ratify, join, or be substituted into' under Rule 17(a)(3) or otherwise.'") (quoting *Cortlandt St. Recovery Corp. v. Hellas Telecomms, S.a.r.l.*, 790 F.3d 411, 423 (2d Cir. 2015)); *Clarex Ltd.*, 2012 WL 4849146, at \*8 ("[W]here courts in this Circuit have used of Rule 17(a)(3) to remedy defects in standing, they have generally done so where the plaintiff clearly had standing on another claim that it brought."). As Judge Forrest noted in *U.S. Bank I*, Plaintiffs had no independent basis for standing when they filed this suit. *U.S. Bank I*, 2015 WL 2359358, at \*3.

## BNYM Seeks to Add Collateral Estoppel as an Affirmative Defense

BNYM also seeks to argue that Plaintiffs are collaterally estopped by Judge Broderick's finding that they lack standing to bring claims on RMBS that they assigned to their indenture trustees; in particular, they are estopped from relying on their assignments back to argue otherwise. While the Court has previously ruled that BNYM cannot argue champerty de novo, that does not prevent it from raising the separate defense of collateral estoppel, which depends on a different (and much smaller) set of relevant facts and evidence and which could not have been raised earlier.[2]

---

[2] Courts treat the inclusion of new affirmative defenses in summary judgment motions as a request to amend the pleadings pursuant to Rule 15 and apply the same standard. *See Marathon Enters. Inc. v. Schroter GMBH & Co.*, 2003 WL 355238, at \*5 (S.D.N.Y. Feb. 18, 2003) ("If a party asserts an affirmative defense for the first time in a summary judgment motion, the court may construe the summary judgment motion as a motion to amend its pleadings, which 'shall be freely given when justice so requires.'" (quoting Fed. R. Civ. P. 15)); *see also Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993).

The Honorable Valerie E. Caproni
July 9, 2020
Page 4

As explained in the motion that BNYM is filing today in *Phoenix Light SF DAC v. The Bank of New York Mellon* (Case No. 18-cv-1194) ("*Phoenix Light 2*"), Plaintiffs will not be prejudiced by BNYM's raising collateral estoppel here, because the only relevant evidence are the court papers from *Phoenix Light SF Ltd. v. U.S. Bank* (14-cv-10116) (S.D.N.Y.). Thus, courts have allowed collateral estoppel to be raised for the first time on summary judgment, or even on appeal. *See Curry v. City of Syracuse*, 316 F.3d 324 (2d Cir. 2003) (allowing collateral estoppel to be raised for first time in summary judgment reply; "we have previously upheld a district court's dismissal of a case on collateral estoppel grounds even where collateral estoppel was not raised as an affirmative defense in the answer, but was raised by the district court *sua sponte,* without permitting the party against which it was asserted an opportunity to argue the issue."); *Caldera v. Northrop Worldwide Aircraft Services Inc.*, 192 F.3d 962, 967, 970-972 (Fed. Cir. 1999) (on appeal, reversing decision of Armed Services Board of Contract for not giving preclusive effect to state court decision even when litigant did not properly raise the issue below); *FTC v. QT Inc.*, 236 F.R.D. 402, 404 (N.D. Ill. 2006) ("[T]he district court has the discretion to allow the defendant to amend his or her answer to assert an affirmative defense not raised initially. Therefore, the failure to plead an affirmative defense in the answer works a forfeiture only if the plaintiff is harmed by the defendant's delay in asserting it.") (internal quotation and citations omitted).

The proposed defense is not futile because Judge Broderick already dismissed the *U.S. Bank* case for lack of standing, and the collateral estoppel affirmative defense will prevent Plaintiffs from seeking a different outcome and relitigating the same issue here. Finally, and relatedly, BNYM has not acted in bad faith in seeking to amend its answer. BNYM could not have sought to amend its pleading to add the collateral estoppel affirmative defense because the relevant facts were not available until after Judge Broderick's recent decision. *See Tavares v. Lawrence & Memorial Hosp.*, 2013 WL 1385266, at *3-4 (D. Conn. Apr. 3, 2013) (holding that decision rendered by Department of Labor during pendency of litigation was an adequate reason for why original answer did not include affirmative defense of collateral estoppel); *see also Monahan v. N.Y.C. Dep't of Corrections*, 214 F.3d 275, 283-84 (2d Cir. 2000) (allowing amendment to add affirmative defense of res judicata at summary judgment).

\*      \*      \*

The Court issued its decision barring the champerty defense the evening before BNYM filed its summary judgment motion. BNYM respectfully requests that it be permitted to file a seven-page supplemental brief, or, in the alternative, that the Court accept this letter as a supplement to the summary judgment motion (ECF No. 355). If the Court permits a supplemental brief, we propose to file it by July 15, 2020, nearly two-and-a-half weeks before Plaintiffs' current opposition deadline of July 31.

We appreciate the Court's consideration of this matter.

The Honorable Valerie E. Caproni
July 9, 2020
Page 5

Respectfully,

*/s/ Matthew D. Ingber*
Matthew D. Ingber

cc:     Counsel of Record (via ECF)